45881. ADAMS v. THE STATE.
45882. PAYNE v. THE STATE.
45883. NORMAN v. THE STATE.

JORDAN, Presiding Judge. The appellants were arrested at an apartment rented by them in Clarke County, Ga., after a search of the apartment under a search warrant revealed quantities of marijuana and certain other alleged contraband. The search warrant described the premises as "Tara Apartment Building 103, Apartment #7, 134 Ashley Circle, Clarke County, Georgia. . . in the custody or control of Tommy Norman." Motions were made to suppress the evidence on the ground that the search warrant was void because it did not "legally describe the place to be searched." Upon the overruling of the motion in each case and a certificate for immediate review, the appellants enumerate error.

We affirm. A thorough review of the transcript clearly reveals that the description used in this warrant was specific enough to meet the requirements of the United States and Georgia Constitutions. Though the street address might be incorrectly shown, there was only one apartment building in this complex numbered 103, plainly marked, only one apartment #7 in that building, and only one apartment therein under the "custody or control of Tommy Norman."

The description is sufficient if a prudent officer executing the warrant is able to locate the person and place definitely and with reasonable certainty. *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585); *Steele v. State,* 118 Ga. App. 433, 434 (164 SE2d

255); Steele v. United States, 267 U. S. 498, 503 (45 SC 414, 69 LE 757).

Judgment affirmed. *Quillian and Evans, JJ., concur.*
ARGUED JANUARY 8, 1971—DECIDED JANUARY 22, 1971.

*Denny C. Galis,* for appellants.
*Thomas W. Ridgway,* District Attorney, *John T. Strauss,* for appellee.