47117.   JONES v. THE STATE.

Submitted April 4, 1972—Decided July 28, 1972.

*Robert D. Peckham, James E. McDonald, Jr., Gordon R. Zuse,* for appellant.

*Thomas W. Ridgway, District Attorney, Charles T. Shean, III,* for appellee.

STOLZ, Judge. To be valid a search warrant must contain a description of the person and premises to be searched with such particularity as to enable a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty, without depending upon his discretion. *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262); *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902). The State failed to meet this criterion in the case at bar.

The description in the present warrant of the place to be searched as the "entire first floor of a two-story frame dwelling" at a named address, was not sufficiently particular in view of several facts which indicated a multiple dwelling, such as two front doors and three back doors at the same address, and separate mailboxes for each front door. In addition, the evidence conclusively showed that there were two apartments on the first floor of the premises and that the officers undertook to search *both* apartments. An investigation of the utilities for the premises (one of the factors considered in United States v. Jordan, 349 F2d 107), would have revealed that the electricity bill in the apartment searched was paid by one Patricia Rath rather than the unknown "John Doe a/k/a 'Barry'" for whom the warrant was issued, and that the electricity had been turned off three weeks prior to the execution of the warrant on the very premises where the informant stated he had within 10 days witnessed sales of LSD kept in the refrigerator to

keep it cool. (The searching officers testified that they observed, from outside the premises, two young men and a young woman playing chess or checkers by candlelight and found Miss Rath in the bedroom upon entering.) For an excellent annotation in this regard see 11 ALR3d 1330, "Search Warrant: Sufficiency of Description of Apartment or Room to be Searched in Multiple-Occupancy Structure." Separate apartments are the same as separate dwellings and therefore the warrant must contain as specific a description of the area to be searched as the nature of the circumstances reasonably permits.

In cases, such as the one sub judice, where the search warrant is issued based on an officer's affidavit predicated upon information obtained from a "reliable informant" and the information proves to be materially unreliable and inaccurate at the motion to suppress hearing, the probable cause for issuance of the warrant disappears.

As to the execution of the warrant, there was no identification made of the only named person for whom it was issued, one "Barry." The record affirmatively discloses that the officers searched both apartments looking for "Barry," could not identify the defendant as residing in the premises searched, and could not state that "Barry" was on the premises, hence there was no identification of the defendant or anyone present as being "Barry." Instead, the officers proceeded to frisk the two male (but not the female) occupants. This case differs from *Willis v. State,* 122 Ga. App. 455, 457 (177 SE2d 487), where the warrant contained the specific authorization for the officers to search "all persons found in the premises or who may enter the premises." The warrant in question did not contain such authorization. "*Code Ann.* § 27-309 allows the search of persons not particularly described in the search warrant *only* where the executing officer may reasonably believe that it is necessary (1) to protect himself from attack, or (2) to prevent the disposal or concealment of items *particularly described in the warrant.*" (Emphasis supplied.) *Wood v. State,* 224 Ga. 121, 124 (160 SE2d 368). "By mere presence in a suspected automo-

bile [apartment], a person does not lose immunities from search of his person to which he would otherwise be entitled." United States v. Di Re, 332 U. S. 581 (2) (68 SC 222, 92 LE 210). "It is axiomatic that an incident search may not precede an arrest and serve as part of its justification. Henry v. United States, 361 U. S. 98 (80 SC 168, 4 LE2d 134); Johnson v. United States, 333 U. S. 10, 16-17 (68 SC 367, 92 LE 436)." Sibron v. New York, 392 U. S. 40, 63 (88 SC 1889, 20 LE2d 917). Although the officer's scope of search is more general if the search is made subsequent to an arrest (Chimel v. California, 395 U. S. 752, 763 (89 SC 2034, 23 LE2d 685)), here, as previously noted, the appellant was searched *prior* to his arrest, thus limiting a lawful search to weapons or that which was particularly described in the warrant (LSD). With regard to warrantless searches, such as is here involved, it has been held as follows: "A frisk involves the patting-down a person's outer clothing by a police officer. See People v. Rivera, 14 N. Y. 2d 441, 446 (252 NYS2d 458, 201 NE2d 32). This is a serious intrusion upon an individual's freedom and right to privacy. Cf. Katz v. United States, 389 U. S. 347, 365 (88 SC 507, 19 LE2d 576). Unlike a full search, a frisk is conducted solely for the purpose of insuring the safety of the officer and of others nearby, not to procure evidence for use at a subsequent trial. Where, as in the case at bar, the officer does not feel an object which seems to be a weapon, but feels a package which he believes might be evidence of some crime, such as the possession of narcotics, the question arises whether he must terminate his search or whether he may reach into the person's pocket and bare whatever it holds. 'The sole justification of the search in the present situation is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer.' Terry v. Ohio, supra, 392 U. S. 29 (88 SC 1884). In other words, an extended search, exceeding the purpose of the frisk, would be constitutionally unreasonable, and any evidence

thereby obtained must be excluded. 'Such a search violates the guarantee of the Fourth Amendment, which protects the sanctity of the person against unreasonable intrusions on the part of all government agents.' Sibron v. New York, 392 U. S. 40, 65 (88 SC 1889, 1904, 20 LE2d 917). In Terry v. Ohio, supra, the court's emphasis upon the procedures followed by the officer indicates that a two-step process must ordinarily be followed: (1) The officer must pat down first, and (2) then intrude beneath the surface only if he comes upon something which feels like a weapon." State v. Anonymous, 6 Conn. Cir. 583 (280 A2d 816). But see Adams v. Williams, 32 LE2d 612, decided June 12, 1972. The "*leafy* material in a pliable container" found in the appellant's shirt pocket, resembled neither a weapon nor LSD (a powdery substance). "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another." Marron v. United States, 275 U. S. 192, 196 (48 SC 74, 72 LE 231).

"It cannot be stated too often that a void search warrant cannot be validated and property illegally seized introduced in evidence merely because the officers were in fact reliably informed and did in fact recover contraband. 'Nor can the deficiency be supplied by facts discovered in making the search, for the sufficiency of the affidavit must be determined as of the time the warrant issued.' [Cits.] Evidence obtained under a void warrant is evidence illegally obtained and it has been settled once and for all that the taint of illegal procurement forbids its use as evidence." *Garner v. State,* 124 Ga. App. 33, supra, p. 36. Nor could the fruits of such an illegal search be used as the basis of even the arrest of the appellant. *Willis v. State,* 122 Ga. App. 455, supra, p. 457 and cit.

In summary, in this case we have an admittedly faulty affidavit, upon which a general warrant was issued, no identification of the defendant or anyone present as being the person for whom it was issued ("Barry"), no evidence

that the person for whom it was issued ("Barry") occupied the premises, and a search of the defendant's person prior to his arrest when he had done nothing more suspicious than be in the apartment playing a game of chess by candlelight when the officers arrived.

For the foregoing reasons, the trial judge erred in his judgment denying the motion to suppress.

*Judgment reversed. Bell, C. J., Hall, P. J., Eberhardt, P. J., and Deen, J., concur. Pannell, Quillian, Evans and Clark, JJ., dissent.*

EVANS, Judge, dissenting. The evidence discloses that the residence in question, although containing three apartments, was described in the Clarke County tax records as a dwelling house, having two stories, a first floor, and a half attic. The search warrant only authorized a search of the entire first floor of the residence. The first floor was later found during the search to have been divided into two apartments, and was numbered as 620 Meigs Street, as was set forth in the warrant. Other than two doors opening upon the front porch, there was no external indication that the first floor contained two apartments. The police officers were not warned of possible multiple-occupancy until after they entered the premises. Said police immediately searched the male occupants, finding the marijuana on the person of the defendant. The search warrant was not rendered illegal because of the description of the premises or otherwise. See in this connection United States v. Santore, 290 F2d 51, 67, cert. den., 365 U. S. 834; United States v. Poppitt, 227 FSupp. 73, 78; Hanger v. United States, 398 F2d 91, 99.

The officers, having entered the premises in search of LSD, were not limited to this illegal drug when an immediate search of the accused disclosed the marijuana upon defendant's person.

Under *Code Ann.* § 27-309 the officers may reasonably detain or search any person in the place at the time to protect themselves from attack or to prevent the disposal or concealment of any instrument, article or thing particularly

described in the warrant. Chimel v. California, 395 U. S. 752, 763 (89 SC 2034, 23 LE2d 685).

In my opinion, the search was not illegal and the fruits of the search were a proper basis for the arrest of the accused. See *Willis v. State,* 122 Ga. App. 455 (177 SE2d 487). The trial judge heard and weighed the evidence as to whether or not the officers had made efforts to determine in which part of the two-story dwelling "Barry" was allegedly located. As trior of the facts he determined that the officers were within the law and had probable cause to search the first floor of the two-story building. He did not abuse his discretion in denying the motion to suppress. The facts in this case are substantially different from *Holtzendorf v. State,* 125 Ga. App. 747 (188 SE2d 879), recently decided by this court.

For the foregoing reasons, I dissent from the judgment of reversal.

I am authorized to state that Judges Pannell and Clark concur in this dissent.