46948.  MILLER v. THE STATE.
46949.  KILPATRICK v. THE STATE.
46950.  BALDSCHUN v. THE STATE.

HALL, Presiding Judge. Defendants in three cases appeal from the denial of their motions to suppress certain evidence seized during an alleged illegal search.

The warrant described the premises to be searched as "1570 S. Lumpkin Street, a two-story stucco single-family dwelling located in the City of Athens, Clarke County, Georgia, in the custody or control of two John Does, a/k/a 'Paul' and 'Franklin'." It authorized a search for marijuana, hashish and LSD. A lengthy affidavit was attached. It stated that the house was not subdivided into apartments; that only one bedroom on the ground

floor was occupied although there were three bedrooms upstairs; and that the lessee (who was not contacted) did not occupy the premises but sublet them. The warrant further stated that the affiant's "sources" knew that drugs were routinely sold there; that the drugs were stored in egg shells ánd trash cans; and that a large shipment was expected in the few days just prior to the execution of the warrant.

1. There are two fatal flaws in the warrant and the subsequent search. First, there is no showing of reliability for the three main sources of information. The same rumor repeated by several individuals does not prove the reliability of the individuals. *Marshall v. State,* 113 Ga. App. 143 (1 b) (147 SE2d 666). Reasons for an anonymous informer's reliability are absolutely required in the affidavit. Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); *Sams v. State,* 121 Ga. App 46 (172 SE2d 473). While the reliability of another source is satisfactorily shown, his information is merely the conclusion that he knew drugs were being sold there. It does not meet the second test of the Spinelli case, i.e., a statement of how the information was obtained or a detailed description of the criminal activity. Since the affiant had no personal knowledge of the facts, there is nothing left from which probable cause could be found.

2. The second flaw was in the execution. While the officers may have initially believed the premises were occupied as described in the affidavit, the true state of affairs was apparent upon their arrival. The dwelling was functioning as a rooming house with four separate occupants who paid rent individually to their nonresident landlord. Each had a private room and all the supposedly vacant bedrooms upstairs were occupied. The alleged joint tenants "Paul" and "Franklin" were not found or even shown to exist. This court has recently passed upon a warrant to search all of a multiple unit dwelling and held it invalid as not sufficiently describing the area to be searched and

the probable cause for searching each unit. *Jones v. State,* 126 Ga. App. 841.

There were several other inaccuracies discovered as well. There were no drugs in egg shells or trash cans; there was no "large shipment" but only some barbituates and less than an ounce of marijuana; there was no LSD or hashish. The total of the inaccuracies between the affidavit and the true state of affairs is so material as to go to the integrity of the affidavit and warrant, destroying the probable cause for the search. Cf. Rugendorf v. United States, 376 U. S. 528 (84 SC 825, 11 LE2d 887); *Summerville v. State,* 226 Ga. 854 (178 SE2d 162).

For these reasons the trial court erred in denying the motions to suppress.

*Judgment reversed. Bell, C. J., Eberhardt, P. J., Deen and Stolz, JJ., concur. Pannell, Quillian, Evans and Clark, JJ., dissent.*

ARGUED MARCH 1, 1972—DECIDED JULY 28, 1972.

*Denny C. Galis,* for Miller and Kilpatrick.

*Jones, Cork, Miller & Benton, H. Jerome Strickland,* for Baldschun.

*Thomas W. Ridgway, District Attorney, Charles T. Shean, III,* for appellee.

EVANS, Judge, dissenting. These three appeals arise out of the trial court's overruling the defendants' motions to suppress certain evidence. Each of the motions to suppress attacks the search warrant issued March 5, 1971, which described the premises to be searched as 1570 South Lumpkin Street, a two-story stucco single-family dwelling located in the City of Athens, Clarke County, Georgia, in the custody or control of two John Does, a/k/a "Paul" and "Franklin." The warrant was issued upon the affidavit of Officer R. R. Michael and authorized a search for marijuana, hashish, lysergic acid diethalymide, commonly known as LSD.

It is contended that while the house is described as a single-family dwelling, the evidence adduced on the motion to suppress showed that it was actually divided into four separate living quarters. It is argued that the description in the search warrant was inadequate and that the warrant was a general one because it allowed the officers to search the entire dwelling. In this case there is nothing to show that the dwelling in question resembled an apartment building or a multiple-family area. Instead, there was proof that showed the officers investigated the status of the dwelling prior to the search and discovered nothing; that they first learned of the multiple occupancy characteristics of the dwelling after they entered it. In my opinion this case is similar on its facts to those in the recent case of *Jones v. State,* 126 Ga. App. 841.

For the reasons stated in my dissent in *Jones,* I likewise dissent from the judgment of reversal in these three appeals.