## 48277. JACKSON v. THE STATE.

Clark, Judge. This appeal is from the overruling of a new trial motion upon a conviction for possession of marijuana. Appellant contends the evidence was insufficient to support the conviction, that in fact a motion for directed verdict of acquittal should have

been sustained. Additionally, there is a special ground attacking the overruling of defendant's motion to suppress the evidence.

Defendant was arrested along with others during a search of premises conducted by police officers under a search warrant in which the affiant had sworn "he does believe and has probable cause to believe that 'Jose' does have in his possession drugs of abuse (marihuana) in a dwelling house, brick, with a carport on the right side located at 4522 Evans Street Columbus, Muscogee County, Georgia, and that deponent's probable cause for such belief is based on the following facts: Deponent has information from a reliable informer who has informed in the past and the information resulted in the arrest of a Ward Johnson and William J. Gilmore for possession LSD, that 'Jose' is now possessing marihuana. Informer has seen the quantity of marihuana at the above address, and in possession of 'Jose' within the past twenty-four (24) hours. Officer J. R. Frazier has conducted surveillance of the above address within the past 48 hours and has seen known drug users and pushers entering and leaving."

At the time of police entry there were a number of people in the living room, including Jackson. Although marijuana was found on some individuals, none was on appellant nor within his immediate area. He was not known as nor had he ever been known as "Jose." None of those present were so known but papers were found in the front bedroom bearing this name along with marijuana. Contraband drugs were also found on some of the individuals as well as in various locations in the residence. Among these were three plastic bags containing marijuana discovered in a rear bedroom closet where the officers also saw army fatigues with the name "Jackson" on them. In addition, two members of the raiding squad testified they saw papers, pay vouchers, and letters with Jackson's name on them along with a newspaper clipping containing his picture in a chest of drawers in that bedroom.

The officers advised all defendants of their rights as a group. After doing so, the police asked the group who occupied the left rear bedroom and defendant admitted that he did, adding that a codefendant paid the rent on the house and that he, Jackson, shared this with him. Defendant denied this in his unsworn statement, saying he had gone to a party at this house, did not reside there, had no conversation with the police, and had never been in the army.

1. We deal first with the overruling of defendant's motion to suppress the evidence.

For a search warrant to be valid, it must be shown "whether by recitals in the affidavit or by an independent showing before the magistrate, [that] the facts . . . [were] such as to lead a man of prudence and caution to believe that the offense has been committed. Grau v. U. S., 287 U. S. 124 (53 SC 38, 77 LE 212). . . . And, as was held in *Smoot v. State,* 160 Ga. 744 [128 SE 909], the determination as to whether there is probable cause is not to made by one who applies for issuance of the warrant; it must be made by the magistrate from a consideration of the facts submitted under oath. It must exist before the search is made, and cannot be supplied by after discovered facts. *Johnson v. State,* 111 Ga. App. 298, 303 (141 SE2d 574). See Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723); Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637)." *Wood v. State,* 126 Ga. App. 423, 424 (190 SE2d 828).

The magistrate specifically must be shown reasons for the informer's reliability and either how the informer obtained such information or that the information itself be so detailed as to obviate the conclusion that it may be only a rumor or be based merely on reputation. See *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473).

In the light of these general principles we next consider seriatim appellant's contentions concerning the decision on the motion to suppress:

(a) The informer's reliability is sufficiently established in that previous information given by him led to two arrests. The instant information was obtained within the last 24 hours and was therefore current. This information is also corroborated by the personal police surveillance for the previous 48 hours during which the officers had seen "known drug users and pushers entering and leaving."

As the singular is used throughout the affidavit, it is apparent that the magistrate and the affiant utilized the word to apply to one and the same person. "[A]ffidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion." United States v. Ventresca, 380 U. S. 102, 108 (85 SC 741, 13 LE2d 684). The contention by the defense that there may have been two informants is without basis.

The affidavit states the reasons for the informer's reliability and

that the informer obtained his information by being present at that address and seeing the marijuana within a certain time period. This with the corroboration by police surveillance sufficiently describes the criminal activity in such detail that the magistrate may know it is more than a "casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation." Spinelli v. U. S., 393 U. S. 410, 416, supra.

(b) One question presented is whether a single family dwelling which is being rented by one person but occupied by several, who may pay sums to the original lessee, may be searched under a warrant denoting the street address and the names of one or more of the occupants. *Jones v. State,* 126 Ga. App. 841 (192 SE2d 171) held a warrant to search a multiple unit dwelling invalid for insufficient description. *Miller v. State,* 126 Ga. App. 847 (191 SE2d 883) followed and applied the same reasoning to a rooming house. In deciding this case does not come within the category of these two cases we point out the obviousness of a multiple occupancy and whether a reasonably diligent police officer would discover this fact in routine investigation. Clearly, if the address is a dormitory, a motel, a duplex or a house which has been physically partitioned and such partitioning can be seen from outside, such as the fact of two front doors, two mailboxes or if the address is listed on the tax records as having two owners, or a rooming house with signs so indicating, the warrant to avoid being defective as a "general warrant" must on its face indicate more than the street address. However, where the dwelling is a single family dwelling and there are no external signs that its status has been changed, the lessee is not multiple and it would be unrealistic to require the police to ascertain whether the lessee is subletting, to whom, and who occupies what portion of the house. This is analogous to requiring the enforcement officers to determine if a daughter or son pays rent while residing in the same house as their parents and if their use of the house is restricted.

A "general warrant" is one that does not sufficiently describe the place or person to be searched and is not valid. 79 CJS 886. Here, "The description of the premises was sufficient for it particularly gave an exact location. Thus the warrant was not a general warrant as it related to the premises searched." *Fowler v. State,* 128 Ga. App. 501, 503 (197 SE2d 502).

As the warrant specified a certain location, and as the multiple

occupancy was neither revealed by a police investigation nor by the physical character of the dwelling, the warrant was not defective as a general warrant. The particular location was here described "with such particularity as to enable a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty, without depending upon his discretion. *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262); *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902)." *Jones v. State,* 126 Ga. App. 841, 842, supra.

(c) The fact that "Jose" was not present does not invalidate the warrant. What is important is that at the time the warrant was issued by the magistrate, sufficient accurate information was furnished for him to make a determination of the existence of probable cause. Here, the informant's reliability was subsequently validated by the fact "Jose" resided at this address and occupied the front bedroom where marijuana was also found. This would indicate that the information furnished was accurate and not a rumor and that the migistrate properly found probable cause.

(d) Nor does the fact that the warrant had an "other persons" clause invalidate the warrant. 79 CJS 886. As was ruled in *Willis v. State,* 122 Ga. App. 455, 457 (177 SE2d 487), "A warrant which identifies the premises and its owners or occupants is not void as a general warrant because it authorizes the search of other persons found there who may reasonably be involved in the commission of the crime for which the warrant is issued."

(e) A final attack upon the search warrant deals with the manner in which it was executed. It is contended that the entry into the premises did not meet the requirements of Code Ann. § 27-308 in that force was used to effect the entry but without any "attempt in good faith to give verbal notice by the officer." Our examination of the evidence discloses that the entry was lawful. The officers knocked at the door, identified themselves, and after receiving no response, permitted a reasonably sufficient interval of time to elapse before exercising physical force to enter the premises.

2. One of the enumerations of error avers "The trial court erred in denying appellant's motion for a directed verdict of acquittal." Heretofore considerable confusion existed among the bench and bar as to our appellate courts possessing the right to reverse a trial judge based upon his denial of a motion for a directed verdict in a criminal case. Myriads of cases recited "It is never error for

the trial judge to deny a motion for a directed verdict in a criminal case." This confusion is now ended by the recent decision of *Merino v. State,* 230 Ga. 604 (198 SE2d 311). The Supreme Court there at page 605 expressly states "it constitutes reversible error for the trial court to refuse to direct a verdict of acquittal where there is absolutely no conflict in the evidence and the verdict of acquittal is demanded as a matter of law." In the case sub judice, however, we find that there was no error in the court's refusal to direct a verdict as there was ample evidence warranting submission to the jury.

3. Our review of the trial transcript confirms that the trial judge was also correct in overruling the general grounds of the new trial motion in that the evidence was sufficient to warrant the verdict of guilty.

Defendant's explanation of his presence to have been as a visitor and his denial of the other facts connecting him with the marijuana were contradicted by the state's evidence. Although it was physically possible as contended by defendant for another person to have placed the marijuana in the closet there was no evidence presented of another's use of this closet.

We recognize the evidence here was circumstantial and therefore it was necessary for the evidence to exclude every other reasonable hypothesis save that of the guilt of the accused. Code § 38-109. The evidence here satisfied this requirement. "'It was not necessary to show that it was impossible for the offense to have been committed by anybody else, or that it might not, by bare possibility, have been done by another. It is sufficient to show to a moral certainty that it was in the prisoner. [Cits.]. Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors.' *Smith v. State,* 56 Ga. App. 384, 387 (192 SE 647)." *Townsend v. State,* 115 Ga. App. 529, 531 (154 SE2d 788).

"After a verdict of guilty has been returned, in passing on the defendant's motion for new trial the trial court and the appellate court are to afford the evidence that view which is most favorable to the state, for every presumption and every inference is in favor of the verdict. *Morgan v. State,* 77 Ga. App. 516, 517 (48 SE2d 681)." *Williams v. State,* 129 Ga. App. 103, 107 (198 SE2d 683).

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*
SUBMITTED JULY 9, 1973 — DECIDED OCTOBER 12, 1973.

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, J. Dixon Belk,* for appellee.