## 56263. THE STATE v. BLEWS.

BIRDSONG, Judge.

The state appeals the grant of appellee's motion to suppress evidence seized pursuant to an allegedly defective search warrant. *Held:*

1. The warrant in question described the premises to be searched as "a building located at No. 13 West 11th Street, Columbus, Georgia." The warrant further

described the premises to be searched as "the Pix Mini Adult Theatre, at No. 13 West 11th Street, Columbus, Muscogee County, Georgia." The trial court found that although the premises searched were in fact those of the Pix Mini Adult Theatre, the correct street address of the premises was No. 15 West 11th Street, Columbus, Georgia. The trial court held that the warrant was insufficiently specific in its description of the premises to be searched and was therefore void.

2. A search warrant is constitutionally inadequate if the description of the premises to be searched "is so indefinite that under the authority of the warrant an officer can exercise a selective discretion in determining where he will search . . ." 68 AmJur2d 728, Searches and Seizures, § 74; *Durrett v. State,* 136 Ga. App. 114 (220 SE2d 92). Thus, this court has stated: "[T]o be valid a search warrant must contain a description of the person and premises to be searched with such particularity as to enable a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty, without depending upon his discretion." *Jones v. State,* 126 Ga. App. 841, 842 (192 SE2d 171). " 'Accordingly, it has been said that a search warrant should be read as a whole, and any designation or description known to the locality that points out the place to the exclusion of all others, and on inquiry leads the officers unerringly to it, satisfies the constitutional requirement.' " *Durrett v. State,* supra, p. 115. Finally, the legislature has declared that "no warrant shall be quashed nor evidence suppressed because of technical irregularity not affecting the substantial rights of the accused." Code Ann. § 27-312.

Looking to the warrant as a whole, with its description of the premises to be searched accurately describing them as "Pix Mini Adult Theatre" on "West 11th Street, Columbus, Georgia," we conclude that the warrant was constitutionally sufficient in its description of the premises to be searched. See *Steele v. State,* 118 Ga. App. 433 (164 SE2d 255); *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262); *McNeal v. State,* 133 Ga. App. 225 (211 SE2d 173); *Williams v. State,* 142 Ga. App. 764 (236 SE2d 893).

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

Submitted September 18, 1978 — Decided October 12, 1978 — Rehearing denied November 14, 1978.

Robert G. Johnston, Solicitor, Kenneth M. Henson, Jr., Assistant Solicitor, for appellant.
Swearingen, Childs & Philips, John C. Swearingen, Ben B. Philips, for appellee.