## 58003. BUTLER v. THE STATE.

BIRDSONG, Judge.

John W. Butler, Jr. was convicted of two counts of robbery by snatching and sentenced to serve two concurrent ten-year terms. His sole enumeration of error is based upon the general grounds. *Held:*

From a close reading of the transcript, we conclude that the jury was warranted in accepting the following facts. The victims, a mother and two daughters, stopped in a wayside rest stop on I-85. They locked the doors, but lowered the windows for ventilation. After falling asleep, the mother was awakened by a male leaning in her window, who either purposely or accidentally touched her on the arm. As she began to scream, the man (Brown) reached into the car and snatched three purses, the mother's and each of the daughters'. There was evidence that the opposite door had been unlocked and was partially open, though no one was observed standing there. An attendant at the rest stop heard the screaming and saw two males run from the vicinity of a car to another and entered the second car. The two cars then left the rest area at a high rate of speed. A third occupant of the car occupied by Butler testified that appellant Brown and the witness drove to a rest stop. While they were there, Brown and Butler were outside of the car. The witness heard a woman scream and the witness remembered that Brown jumped into their car. Both Brown and appellant shouted

to drive quickly out of the rest stop. At the second exit beyond the rest stop, the witness, who was driving, pulled off the interstate and proceeded to a white wooden Baptist church. There Brown and appellant started to look through some purses that Brown had brought to the car at the rest stop. The purses were thrown from the car at the church and ultimately were recovered. In rebuttal, the accomplice further testified that he overheard Brown make a statement to Butler that he, Brown, intended to rip someone off. Shortly after the incident, the appellant and his companions drove into a service station where their car was recognized by the victim who was parked nearby waiting for the police to come. The victim identified the car occupied by appellant and his friends as the one she saw driving off and positively identified Brown as the man who snatched the purses out of the auto. The appellant admitted being in a rest stop but denied knowing anything about a snatching of purses or that any of his companions had been involved in a robbery. At the close of the evidence by the state, appellant made a motion for a directed verdict of acquittal, which was denied by the trial court.

The refusal of a trial court to direct a verdict of acquittal is error only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. On reviewing the denial of a motion for a directed verdict as well as in considering the sufficiency of the evidence to sustain a conviction, the proper standard to be utilized by the appellate court is the "any evidence" test. *Sims v. State,* 242 Ga. 256, 257 (248 SE2d 651). With respect to an appeal on the general grounds, the only question presenting itself to the appellate court is whether there is any evidence to support the verdict. *Watts v. State,* 239 Ga. 725, 727 (238 SE2d 894). As to sufficiency of evidence corroborating the testimony of an accomplice, this question is a matter for the jury, and so long as the verdict is supported by slight evidence of corroboration connecting the defendant with the crimes, this court will not say that the evidence did not authorize the verdict. *Alderman v. State,* 241 Ga. 496, 510 (246 SE2d 642); *Cummings v. State,* 240 Ga. 104 (239 SE2d 529); *Birt v. State,* 236 Ga. 815 (225 SE2d 248).

To sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond reasonable doubt, of guilt. *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132). Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb the finding, unless the verdict is unsupportable as a matter of law. *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643); *Pless v. State,* 142 Ga. App. 594 (236 SE2d 842). We find no error in the verdict of the jury or the judgment of the court.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JUNE 12, 1979 — DECIDED JULY 13, 1979.

*Charles S. Hunter,* for appellant.

*Bryant Huff, District Attorney, Malcolm C. McArthur, William P. Rowe, III, Assistant District Attorneys,* for appellee.