37789. ANDERSON v. THE STATE.

CLARKE, Justice.

Wilbert Anderson was convicted of murder and armed robbery and was sentenced to life in prison. He appeals.

1. Fay Garrison, an employee of Rich's, Inc., was shot and killed during an armed robbery of the branch of the United States Post Office located in Rich's Store for Homes in Atlanta. Ms. Garrison, who worked as a clerk in the post office, was killed during the afternoon of January 14, 1980, in the presence of numerous witnesses. Six witnesses testified that the perpetrator was a tall, thin, black man who wore a black and grey wig and an obviously false moustache as a disguise. There was testimony that he wore a tan raincoat and also a

tweed hat, which he dropped in the store.

A friend of appellant, Robert Ryan, contacted police on the day of the crime and told them that two days prior to the shooting appellant showed him a grey and black wig, handcuffs and a cardboard holding four false moustaches. He said that appellant told him that he was going to disguise himself and take some money. Ryan testified at trial that appellant tried to borrow money and a gun from him on numerous occasions. After contacting police, Ryan pointed out appellant's apartment.

The police procured a search warrant and arrest warrant and went to appellant's apartment on the evening of January 14. Police took from the apartment a tan raincoat, a .357 spent shell casing (recovered from appellant's pants pocket), $37.00 found crumpled on appellant's bed, a moustache and two false goatees. From the kitchen trash can police took a wad of black and grey synthetic wig, two handcuff boxes, pieces of an afro wig box, and plastic impressions of a nose, eyes and lips. Grey and black synthetic material was found on top of appellant's head. Appellant was arrested.

Two lineups were held. Four witnesses picked out appellant at the second lineup with varying degrees of certainty. Another witness could not identify appellant precisely but thought he was the perpetrator. Six witnesses identified him at trial with varying degrees of certainty.

Two witnesses from appellant's neighborhood testified to seeing him wear a hat. One indicated that he wore one like the one dropped by the perpetrator in Rich's. The other testified that the hat dropped in Rich's, State's Exhibit 5, was the hat she had seen appellant wear.

There was testimony that appellant was once employed by a janitorial service and had worked at the Lenox Summit Apartments. Ms. Garrison, the victim, was a resident of the Lenox Summit Apartments. A witness testified that she had asked about appellant, saying that he owed her money.

Offie Evans was serving time in the Fulton County jail when appellant was incarcerated there. He testified that he had known appellant previously and that he saw him at the dentist's office in the jail. He testified to conversations he had with appellant. Appellant told him that he had gone to Rich's approximately three times in his disguise with a grey wig, black moustache and trench coat. He felt that his disguise hid him. However, he told Evans that he shot Ms. Garrison because he thought she might recognize him, having known him at the apartments. Appellant also told him that he used a .38 caliber cartridge in a .357 magnum gun.

A state firearms examiner testified that the .38 caliber bullet recovered from the victim was consistent with one being fired from

the same type cartridge case found in appellant's pocket. A state crime lab microanalyst compared hair samples from the hat dropped in Rich's with hairs from appellant's head and from the head of another subject. He testified to his opinion that the hair from the hat was similar to appellant's hair. The fibers recovered from the hairpieces and several false goatees were compared with fibers taken from the hat and found to be dissimilar.

Appellant in his first enumeration of error alleges that the evidence was not sufficient to support the verdict. We find that the evidence at the trial of appellant was sufficient to meet the test of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), that ". . . after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. The first enumeration of error is without merit.

2. Appellant's enumerations of error nos. 2, 6, and 9 concern the trial court's denial of his motion in limine whereby he attempted to exclude evidence of an escape attempt. Appellant argues that since escape is a crime, and since testimony as to a defendant's prior crimes is rarely allowed, it was error to deny his motion. Where evidence is introduced for the purpose of showing flight, it is not inadmissible because it incidentally tends to show evidence of another crime. *Johnson v. State,* 188 Ga. 771 (4 SE2d 639) (1939). See also, *Dampier v. State,* 245 Ga. 427 (265 SE2d 565) (1980); *Johnson v. State,* 244 Ga. 295 (260 SE2d 23) (1979).

3. In enumeration of error no. 4 appellant alleges that the court erred in failing to grant appellant's motion for a change of venue. Appellant argues that the state court did not have jurisdiction because the crime took place in a U. S. Post Office. There was no testimony at trial which would show that the crime in question occurred on exclusively federal territory so as to mandate jurisdiction in a federal court. Rather, the testimony showed that the post office was located on property owned by Rich's and was operated by Rich's employees. The connection with the postal service consisted of a contract with Rich's to operate the post office in return for a monthly fee. The federal statutes do not ". . . take away or impair the jurisdiction of the courts of the several States. . . ." 18 USCA § 3231. See also Code Ann. §§ 26-301, 302.

4. In appellant's enumeration of error no. 5, he complains of the trial court's denial of his motion to dismiss the indictment for lack of probable cause. This enumeration is without merit because once the grand jury returns an indictment, the state is not required to make a further showing of probable cause. *First Nat. Bank &c. Co. v. State,* 237 Ga. 112 (227 SE2d 20) (1976). "While the trial court has the

authority to quash an indictment for defects appearing on its face [cit. omitted], it has no authority to quash the indictment on the issue of an alleged lack of probable cause." Id. at 112-113.

5. In his fifth and nineteenth enumerations of error, appellant argues that the court erred in denying his motion to suppress evidence gathered in a search on the basis that the warrant was issued without probable cause. The thrust of appellant's argument is that the reliability of the information or of the informant upon whose information the search warrant was granted was not shown by the affidavit accompanying the application for the search warrant. As appellant points out, the test for assessing the reliability of an informant and his information is set out in Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964). Under Aguilar, the affidavit presented in support of an application for a search warrant must inform the magistrate of some underlying circumstances which allow the magistrate to test the reliability of the informant's information as to the location of the material sought and some underlying circumstances which inform the magistrate of the basis of the officer's conclusion that the informant is reliable. Here the informant's belief that his information was reliable came from his firsthand knowledge that the appellant had a wig and planned to buy a moustache and that appellant tried to borrow money and a pistol from the informant. It was reasonable for the officers to assume that the wig and moustache could be found at appellant's residence. The officers' belief that the informant was reliable was based upon the fact that the informant had supplied reliable information leading to a conviction in the past. Although that information had not been supplied directly to the officers involved here, it had been supplied by this informant in another case handled by the Atlanta Police Department, and the officers were able to review the file. This meets the tests set out in Aguilar, supra, for determining that information contained in an affidavit in support of a search warrant is reliable.

The search is also attacked on the ground that the warrant did not contain a specific location of the premises to be searched. Appellant argues that the warrant was not specific enough because it contained no city or state. The warrant did show, as well as the street address, a heading indicating that the warrant was issued by the Municipal Court of Atlanta, Fulton-DeKalb Counties. The test for the sufficiency of a premises description is whether ". . . on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty." *State v. Sanders,* 155 Ga. App. 274, 275 (270 SE2d 850) (1980), quoting *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902) (1971). The warrant here was sufficient under that test. This is particularly true since the

informant had taken the officers to the appellant's apartment prior to application being made for a search warrant.

Finally, appellant insists that the evidence obtained in the search should have been suppressed because the officers entered the apartment without knocking. The officers had reason to believe that appellant was armed and dangerous. Under these circumstances caution justified entry without knocking. Although Code Ann. § 27-308 excuses force in execution of a search warrant only after giving verbal notice of authority and presence, this requirement for notice is waived if giving notice would increase the peril of the officers conducting the search. *Scull v. State,* 122 Ga. App. 696 (178 SE2d 720) (1970). Further, Code Ann. § 27-205 provides for use of force in entry in the execution of an arrest warrant. Police here had an arrest warrant, as well as a search warrant.

6. Appellant's enumeration of error no. 7 complains of the court's statement "Let the record reflect that the man that the witness pointed out in court today is the defendant." Appellant's contention that this constituted a comment on the evidence is without merit.

7. Enumeration of error no. 8 concerns another remark regarding the same incident complained of in enumeration no. 7. Having instructed the court reporter to note that the witness in her courtroom identification had pointed at appellant, the court went on to instruct the jury as follows: "Ladies and Gentlemen, you know I'm not testifying. I wasn't there. I'm just like you; I don't pass on the facts. I'm trying to have the record be accurate so that somebody reading that record can tell what happened."

The state contends that the semicolon in this passage was an error in punctuation by the court reporter. Whether this is true or not, the charge as a whole indicates that the court clearly charged the jury as to their duty to find the facts. Appellant's contention that this statement constituted an erroneous instruction to the jury concerning the jury's role as fact finder is without merit.

8. Enumeration no. 10 concerns the admission of the testimony of Offie Evans, described by the state as a "snitch." Offie Evans testified at trial as to conversations he had with appellant in which appellant made statements concerning the crime at Rich's. Appellant's objection to the testimony is that Evans had testified on other occasions to conversations with other inmates at the Fulton County jail. The testimony here indicated that Evans had known appellant prior to their meeting in the jail and that the meeting was a chance meeting at the dentist's office.

There was no evidence at trial to support appellant's contention that Evans was a "plant" who induced appellant into making

incriminating statements without the assistance of counsel. The credibility of Offie Evans, like that of every other witness, was a question for the jury. This enumeration is without merit.

9. Enumerations nos. 12, 13, 14, and 16 concern comments of the trial court made during the course of the trial. These enumerations are all without merit.

10. Enumeration no. 15 concerns the denial of appellant's motion for a mistrial on the basis that his character was brought into issue. Appellant enumerates this denial of his motion for a mistrial as error. State witness Detective Chambers, asked on cross-examination how the informant knew the appellant, stated: "He told me that he had been knowing him ever since he had gotten out on parole." Considering the cross-examination as a whole, we find that the answer was in this case responsive to the question asked. As the state points out, the answer may have been innocuous in that it does not indicate *who* was on parole — appellant or the informant. Even if the answer did tend to bring appellant's character into question, however, the answer was elicited by defendant's counsel.

As part of this same enumeration of error appellant complains of the court's admitting state exhibits which showed appellant's prior convictions. This argument is without merit in that prior to the state's introducing these exhibits at the end of the trial, the appellant took the stand and testified as to his past convictions.

11. Enumeration of error no. 17 complains of the testimony of Deputy White in regard to a threat he heard defendant make to another inmate while in jail. His complaint is that this brought his character into issue. Appellant made no such objection to this testimony at the time of trial. He objected only on the basis that the testimony was hearsay. Since he did not object at trial, he cannot raise this issue on appeal. *Fleming v. State,* 243 Ga. 120 (252 SE2d 609) (1979); *Mallory v. State,* 230 Ga. 657 (198 SE2d 677) (1973).

12. Appellant's enumeration no. 18 concerns the trial court's recharge to the jury on identification. This enumeration is without merit.

13. In his final enumeration of error, enumeration no. 21, appellant assigns error in the court's allowing testimony by Detective Chambers as to appellant's remaining silent when questioned at the police station. Appellant insists that his silence was used as evidence of guilt. Since he made no objection to admission of this testimony at trial, he cannot now object. Further, the detective's statement as to appellant's silence did not come in the context of a comment on his right to remain silent but, rather, in the context of an explanation of appellant's response to a request that he allow police to take a hair sample from him. In this context the statement cannot be considered

an impermissible comment upon appellant's choosing to exercise his right to remain silent. *Alderman v. State,* 241 Ga. 496 (246 SE2d 642) (1978).

14. The remaining enumerations of error have been abandoned.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1982 —
REHEARINGS DENIED MARCH 10, 1982.

*Louise Thornton Hornsby,* for appellant.

Wilbert Anderson, *pro se.*

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.