## 65322. CHAMBLESS v. THE STATE.

DEEN, Presiding Judge.

Appellant was convicted of two counts of armed robbery in Jones County, Georgia. Count one concerned a robbery of a Mini Foods Store on February 26, 1982; count two involved a robbery of a Majik Market Store on March 5, 1982.

Appellant here enumerates as error the following: (1) the trial court erred in denying appellant's motion to suppress evidence obtained pursuant to a search warrant; (2) the evidence as to count two, being entirely circumstantial, was insufficient to support a conviction because it did not exclude every other reasonable hypothesis save that of appellant's guilt. *Held:*

1. Appellant contends that the search warrant was void because it did not correctly describe the premises to be searched. The warrant was defective by indicating appellant's residence to be lot 14-K of a mobile home park, rather than lot 15-K. We find that the defect did not invalidate the warrant.

The record of the suppression hearing indicates that the sheriff's office diligently attempted to ascertain appellant's exact address. Two investigators had spotted appellant's automobile, which matched the description of a vehicle seen soon after the robbery on March 5, 1982, in the Wells Mobile Home Park. One of the investigators was informed by the owner of the park that appellant's lot was 15-K. Because the dispatcher at the sheriff's office had been told that appellant's lot was 14-K, a Sergeant Weekley traveled to the Mobile home park to resolve the discrepancy; he noted that fences separated the lots, and that while facing appellant's mobile home one viewed on the fence a small sign stating Lot 14-K. He also drew a map directing how to proceed through the park towards appellant's mobile home.

Sergeant McAlpin, the averring officer on the search warrant, described the premises to be searched as those of "Donna Chambliss, 74 Firebird in Jones County, Georgia . . . namely the mobile home (Lt. 14K). See Exhibit A, and a Firebird, 74, red in color, displaying GA Tag HFA 465." Exhibit A was the map which had been drawn by Sergeant Weekley. Following the search, it was discovered that the

correct lot number actually was 15-K.

A search warrant is not invalid for want of description of the premises to be searched if the description sufficiently permits a prudent officer executing the warrant to locate the place definitely and with reasonable certainty, and without depending upon his discretion. *State v. Blews,* 148 Ga. App. 73 (251 SE2d 10) (1978); *Jones v. State,* 126 Ga. App. 841 (192 SE2d 171) (1972). If a search warrant, read as a whole, "points out the place to the exclusion of all others, and on inquiry leads the officers unerringly to it," it meets the description requirement. *Durrett v. State,* 136 Ga. App. 114, 115 (220 SE2d 92) (1975); 68 AmJur2d 728, Searches and Seizures, § 74.

In this case, the warrant's specification that the premises to be searched were those of Donna Chambless at the Wells Mobile Home Park in Jones County, Georgia, alone probably was sufficient to meet the description requirement, because on inquiry an executing officer would have been led to appellant's mobile home without exercising any discretion. See *Cochran v. State,* 136 Ga. App. 94 (220 SE2d 83) (1975). Further, the warrant contained other considerable keys with which the premises could be identified, including a map leading to the premises and a description of appellant's automobile. *Cooksey v. State,* 149 Ga. App. 572 (254 SE2d 892) (1979).

Appellant relies upon the general proposition that where the premises are described by street and number, that description will not authorize a search of the premises at another street or number, as expounded in *Bell v. State,* 124 Ga. App. 139 (182 SE2d 901) (1971). However, even though a street number is incorrect, where there are other elements of description sufficiently particular, the search warrant may be valid. *State v. Blews,* supra; *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262) (1971). The importance of exactitude of street address, it may be said, varies inversely with the thoroughness of the description.

The facts of this case particularly contraindicate invalidation of the warrant. The investigating officers knew which residence was the search target, and attempted to ascertain the address so that a warrant could be obtained. Because of the lay-out design of the mobile home park, upon approaching appellant's trailer one easily perceived appellant's lot number as 14-K. Lastly, notwithstanding the inaccurate lot number, the remainder of the description of appellant's premises was sufficiently particular.

2. Code Ann. § 38-109 provides that "to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Invoking that provision, appellant contends that the evidence regarding count two

was entirely circumstantial and insufficient to authorize a conviction. We disagree.

There was evidence that at approximately 2:00 a.m. on March 5, 1982, a heavy-set woman, wearing a ski mask over her head, a blue coat, blue jeans and tennis shoes, and armed with a pistol, entered the Majik Market on Highway 49 in Jones County, Georgia. The woman relieved the clerk of the store's money and then fled on foot. Although the clerk had been unable to see the robber's face, at a line-up and at trial she had identified appellant as the robber, primarily through recognition of her posterior. (The clerk did not mark appellant's number on the line-up card, but explained at trial that she had mistakenly checked another.) The clerk also stated that a jacket seized from appellant's mobile home resembled the one worn by the robber.

Soon after the robbery, Sergeant McAlpin spotted a red automobile parked off the road near the Majik Market. As he stopped to inspect the vehicle, he was distracted by another vehicle which he pursued. When he returned, the red vehicle was gone. He was able to remember only the letters "HF" and the numeral "4" from the license plate. Another witness driving in that area at that time had seen someone running along the road.

The following morning, a broken outside rear-view mirror was found where the red automobile had been. Sergeant McAlpin eventually identified appellant's automobile as the red vehicle. When appellant was located, both the outside rear-view mirror and the license plate on her car were missing.

Appellant testified that she had been at home at the time of the robbery, along with her live-in fiance. Both appellant and her fiance stated that the car's mirror had been knocked off earlier accidentally when appellant had turned the car around at that spot, trying to position it so that she could jump-start her fiance's truck. Neither could remember exactly when the car's license plate had been lost.

"To sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond reasonable doubt, of guilt. *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132). [(1976).] Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb the finding, unless the verdict is unsupportable as a matter of law." *Butler v. State,* 150 Ga. App. 751, 753 (258 SE2d 691) (1979); *Harris v. State,* 236 Ga. 242 (223 SE2d 643) (1976).

In this case, although most of the evidence regarding this charge was circumstantial, there also was direct evidence, in the store clerk's identification of appellant. Nevertheless, even if all of the evidence was circumstantial, it simply is too extensive to permit removal of the matter from the jury. Further, there clearly was sufficient evidence for the jury, as rational finders of fact, to conclude beyond a reasonable doubt that appellant committed the armed robbery charged in count two. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 25, 1983.

*Frank H. Childs, Jr.,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.