69584, 69585. THE STATE v. HARDIN (two cases).
(329 SE2d 172)

BIRDSONG, Presiding Judge.

The State appeals from the grant of two motions by Steve and Cecil Hardin, respectively, to suppress evidence seized in a search of defendants' premises. On July 28, 1982, Cecil Hardin and his son, Steve, were arrested for possessing marijuana. An informant, previously known to Officer George Lemming of the Floyd County Police Department, told Lemming that he had personally observed a quantity of marijuana plants growing on the property of both Cecil and Steve Hardin. The informant had provided information to the officer on several prior occasions which had led to convictions in Floyd Superior Court concerning various drugs. Officer Lemming was given the addresses of both defendants by the informant and he drove to their homes. He testified: "I had no problems finding either residence. As a matter of fact, I pulled up in Cecil's driveway." Officer Lemming returned to his office and verified the addresses in the phone book. He obtained two search warrants. One warrant described the location: "Cecil Hardin . . . on the premises located at 66 North Avery Road — White Wood Frame House — Rome, Floyd County, Georgia." The other warrant stated: "Steve Hardin . . . on the premises located at 7 Highland Way/White Frame House, with basement — Rome, Floyd County, Georgia. . . ." The trial court found that "[t]he descriptions of these search warrants simply are not sufficient." *Held*:

"The test for the sufficiency of a premises description is whether '. . . on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty.'" *Anderson v. State*, 249 Ga. 132, 135 (287 SE2d 195). The U. S. Supreme Court found a "[d]escription in a search warrant . . . giving its street and one of its two house numbers . . . sufficiently definite. . . . It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended." *Steele v. United States*, 267 U. S. 498, 503 (45 SC 414, 69 LE 757). Thus, in *Adams v. State*, 123 Ga. App. 206 (180 SE2d 262), this court found that a warrant description of " 'Tara Apartment Building 103, Apartment #7, 134 Ashley Circle, Clarke County, Georgia . . . in the custody or control of Tommy Norman' " to be sufficient, even though the street address may have been incorrect, where there was only one apartment building in that complex numbered 103, one apartment #7 in that building, and only one apartment under the control of Tommy Norman.

In the instant case, no one contests the fact that the street address in each warrant is correct, only that the address is outside the city limits of Rome, one of the houses did not have a number on it, and there was no street sign.

This warrant not only cites the correct street address of each defendant, but has the additional identifying keys of the name of the occupant living at that address, and a description of the house. The officer executing the warrant experienced no difficulty in driving directly to the address and assuring himself of the accuracy of his information and thereafter verified it in the local phone book. This court has often stated that " 'a search warrant should be read as a whole, and any designation or description known to the locality that points out the place to the exclusion of all others, and on inquiry leads the officers unerringly to it, satisfies the constitutional requirement.' " *State v. Blews*, 148 Ga. App. 73 (2) (251 SE2d 10). The officer executing the warrant testified that Steve Hardin's house was the only house he saw in that area that had a basement, and the number of his house was on his mailbox. Additionally, we have found that " '[w]here the name of the owner or occupant is not given, the description of the premises must be exact.' " *Durrett v. State*, 136 Ga. App. 114, 115 (220 SE2d 92). Here, the name was given, the officers drove directly to the house, and the defendant Cecil Hardin was sitting on the porch when the officers arrived. We find no constitutional infirmity in these warrants.

*Judgments reversed. Carley and Beasley, JJ., concur.*

DECIDED FEBRUARY 27, 1985 —
REHEARING DENIED MARCH 21, 1985 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*F. Larry Salmon, District Attorney, T. Russell McClelland III, Assistant District Attorney*, for appellant.

*Edward Hine, Jr., Virginia Barrow Harman, Paul T. Carroll III*, for appellee.