A98A1566. FELIX et al. v. THE STATE.
(507 SE2d 172)

McMURRAY, Presiding Judge.

Defendants Gladys Felix and Leonard Lee were jointly indicted for a single violation of the Georgia Controlled Substances Act, in that they allegedly did "unlawfully . . . possess and have under their control Cocaine. . . ." The evidence adduced at their joint jury trial showed that when police executed a search warrant for the residence of defendant Gladys Felix, they "discovered [defendant] Felix and

[defendant] Lee laying in the bed. . . . They appeared to have been asleep." There was no one "else in the house besides these two people. . . ." On "the left side of the headboard, . . . above [defendant] Felix's head," police observed a "[p]artially hand rolled suspected marijuana cigarette [that was burned on one end]; several rocks of crack cocaine; [and a Mason] jar, appeared to have a white alcohol in it; [also,] a utility knife [was] on the right hand side of the headboard." Also there was a "paper napkin that was wrapped up with two [so-called] cookies[, i.e.,] larger pieces of crack cocaine before it was cut up for sale." Defendant Felix's green shoulder bag contained "108 one-dollar bills[, plus a] change purse [t]hat contained: 7 ten-dollar bills, 4 twenty-dollar bills, seven one-dollar bills, [and] 4 five-dollar bills. . . ." When defendant "Felix was getting dressed, she reached over into the recliner to get an item of clothing[, revealing a loaded] .38 Special . . . in the chair." On the dresser was "a cup full of change [and] a box of ammunition." In the living room was a bar with a "good bit" of liquor and beer in the apartment.

Vesna Stojkobic, a forensic chemist with the Georgia Bureau of Investigation Crime Laboratory in Columbus, Georgia, identified Item 2, State's Exhibit 14, as 6.9 grams of a "chunky material . . . positive for cocaine." Lieutenant William Grizzard of the Troup County Sheriff's Office testified that the street value of the approximately 70 rocks of crack cocaine seized from the apartment, at $20 per rock, approached $1,400.

Although defendant Gladys Felix denied leasing or residing at the location where the police found her and her co-defendant Leonard Lee asleep in a bedroom containing $1,400 worth of contraband, large sums of cash, and a handgun, she did admit that she had spent the night in Unit 1301 Apartment D at least two times. Her brother owns the building containing Apartment D. After an all-night party in Apartment D, defendants Gladys Felix and her boyfriend, Leonard Lee, "were pretty high. [Defendant Gladys Felix] was too high to walk, and [defendant Leonard Lee] was too high to drive. And so [they] just laid down." The jury found each defendant guilty as charged. Their joint motion for new trial was denied, and this appeal followed. *Held*:

1. Defendants' first enumeration of error complains of the denial of their motion to suppress the contraband and other tangible items seized from apartment 1301-D Davidson Street in the City of West Point, Troup County, Georgia. They argue the warrant itself is defective for three reasons, namely, "(a) . . . because the address shown on the warrant is incorrect; (b) . . . because it was not supported by probable cause; and (c) . . . because it appears to have been issued by the 'Recorder's Court of Troup County,' but [allegedly] there is no such court." Only the first of these contentions will be addressed in

this compound enumeration. OCGA § 5-6-40; *Robinson v. State*, 200 Ga. App. 515, 518 (2) (b) (408 SE2d 820).

The warrant authorizes the search of the "entire premises, including curtilage, located at 1301 Davidson Street Apartment #4, West Point, Georgia." The officer's affidavit recites: "Within the past 24 hours [the affiant] was contacted by a reliable source who stated that she had seen an amount of Crack Cocaine at the residence located 1301 Davidson Street Apartment #4, West Point, Georgia. On several occasions, [affiant has] received information about Narcotics being sold from this residence." In support of their contention that this description of the place to be searched is insufficient, defendants point to photographs indicating that there is no "Apartment #4" as such, although there is an apartment 1301-D.

A search warrant must "particularly [describe] the place or person, or both, to be searched and things to be seized. . . ." OCGA § 17-5-21 (a). " 'The test for the sufficiency of a premises description is whether ". . . on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty" ' *Anderson v. State*, 249 Ga. 132, 135 (287 SE2d 195). The U. S. Supreme Court found a '(d)escription in a search warrant . . . giving its street and one of its two house numbers . . . sufficiently definite. . . . It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended.' *Steele v. United States*, 267 U. S. 498, 503 (45 SC 414, 69 LE 757)." *State v. Hardin*, 174 Ga. App. 83 (329 SE2d 172). In the case sub judice, the correspondence of the letter D, the fourth letter of the alphabet, to "Apartment #4" at 1301 Davidson Street, West Point, Georgia, as listed in the warrant, is obvious. This was sufficient identification of the place to be searched to allow a prudent officer to locate the premises definitely and with reasonable certainty. *Adams v. State*, 123 Ga. App. 206 (180 SE2d 262). The trial court correctly denied defendants' motion to suppress on this ground.

2. The trial court's refusal to compel the State to reveal the identity of the confidential informant was not error, because defendants failed to show the informant was the only person whose personal knowledge would confirm or refute a material defense to the charge of possessing the contraband found in the bedroom where defendants were alone. See *Moore v. State*, 187 Ga. App. 387, 388 (2), 391 (370 SE2d 511). See also *Wells v. State*, 212 Ga. App. 60, 63 (3), 64 (441 SE2d 460).

3. At trial, Lieutenant Robert Frawley of the West Point Police Department was impeached during cross-examination by use of a prior inconsistent statement under oath, regarding the extent of his personal knowledge whether defendant Gladys Felix used the apartment as her residence. See OCGA § 24-9-83. The prosecutor claimed

surprise, and thereafter, over defendants' objection to improper third-party rehabilitation by an unlisted witness, the trial court permitted Lieutenant William Grizzard of the Troup County Sheriff's Office to testify that he had served an arrest warrant on Gladys Felix on March 28, 1997, at her residence, "1301 Davidson Street, Apartment 4; West Point, Georgia." Before Lieutenant Grizzard testified, the trial court offered to recess and permit defense counsel to speak with the officer.

Here, the State failed to comply with the mandate of OCGA § 17-16-8 (b) with respect to the witness, Lieutenant Grizzard. Nevertheless, in our view, the trial court did not err in permitting this brief testimony by an unlisted witness, since the trial court recessed so that defense counsel could interview Lieutenant Grizzard. OCGA § 17-16-8 (a).

4. Defendants enumerate the general grounds, arguing the uncontradicted evidence that a large number of people had partied at the apartment the night before precludes a finding of joint possession by defendants the following morning, based on so-called "equal access."

" 'The equal access rule applies to contraband that is for the most part in "open, notorious and easily accessible areas." (Cit.)' *Wright v. State*, 154 Ga. App. 400 (1) (268 SE2d 378) (1980)." *Wells v. State*, 196 Ga. App. 133, 134 (3) (395 SE2d 296). In the case sub judice, defendants were the sole occupants in the bedroom where crack cocaine was in plain view and arm's reach. This is sufficient, under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendants are guilty, beyond a reasonable doubt, of jointly possessing the cocaine as alleged in the indictment. *Cantrell v. State*, 204 Ga. App. 330, 331 (419 SE2d 141); *Tuggle v. State*, 149 Ga. App. 634, 636 (7), 637 (255 SE2d 104).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 15, 1998 —
RECONSIDERATION DENIED SEPTEMBER 24, 1998 —

*Ellis C. Smith, James C. Thornton*, for appellants.
*Peter J. Skandalakis, District Attorney, Todd A. Orston, Assistant District Attorney*, for appellee.