## 57516. HARTLEY v. THE STATE.

Smith, Judge.

Appellant Hartley was convicted upon an indictment charging her with, on September 7, 1977, "intentionally and knowingly possess[ing] for transfer, cards, stubs and tickets designed to serve as evidence of participation in lottery, commonly known as Bug tickets." The evidence did not support her conviction, however, and we therefore

reverse.

Appellant was tried jointly with two others, Lucille Clark and Olin Whittaker, who were likewise charged with commercial gambling. The only testimony presented by the state was that of two detectives who raided the residence of Clark and Whittaker on September 7, 1977. Neither appellant nor her co-defendants offered any evidence.

At the time of the raid, appellant was found sitting at the dining room table. When she sighted the police, appellant tossed aside a piece of paper she had been holding. The only detective who testified on the subject stated that the paper could have constituted either a receipt for her own personal bet or a bug ticket. She possessed no money. About sixty dollars was found in the possession of appellants' co-defendants. The search of the residence also revealed other sheets of paper evidencing the collection of bets for transfer.

The totality of the state's evidence tended to indicate that Clark's and Whittaker's residence was being utilized for the collection, tallying and preparation for transfer of bets in the bug lottery. In the scheme of the lottery, their residence would have been known as the writer's house. The writer's house would transfer its collected and tallied bets, in the form of sheets of paper known as bug tickets, on to the accountant's house. Subsequent to the identification of winners, the account would notify the writer of the winners and the amounts they had won, and the writer would make the payoff.

For about two hours on each of twenty days prior to the raid, the two detectives had conducted surveillance of the residence. They had seen appellant there five times. The testimony also showed that individual bettors would either come personally to the writer's house or telephone their bets to the house.

1. We find the state's evidence to have been totally insufficient to convict beyond a reasonable doubt. Assuming for the purposes of this appeal that the evidence established her co-defendants were operating a lottery writer's house, for the purpose of transferring bug tickets, the evidence did not prove she was a participant in that endeavor. Rather, the conclusions could just as

reasonably have been reached that appellant was there placing her personal wager and that slip of paper she possessed was a wager receipt which she would retain, not transfer. Furthermore, concerning the other evidence uncovered at the co-defendants' residence, the presumption was that it belonged to them, not appellant. *Bivins v. State,* 72 Ga. App. 306 (33 SE2d 745) (1945).

In *Lemon v. State,* 66 Ga. App. 653, 654 (19 SE2d 52) (1942), this court made a similar holding: "As to the two 'lottery' tickets found by the officers in the pocket of the apron which the defendant was wearing while ironing clothes, the evidence did not exclude every reasonable hypothesis save that of the guilt of the accused. Conceding that they were lottery tickets, their possession was thoroughly consistent with the innocence of the accused. The tickets, according to their indicia, were such as might have represented her own purchases, or purchases to be made." The state's allegations that a conspiracy existed adds nothing. " 'While ordinarily the question of whether or not a conspiracy was entered into is a question of fact exclusively for the consideration of the jury . . . this question, like other questions of fact, is subject to the scintilla rule, and unless there is some evidence to show a conspiracy, a conviction or a finding of fact which has as its basis a conspiracy ought not to be allowed to stand.' " *Brewer v. State,* 129 Ga. App. 118, 123 (199 SE2d 109) (1973). In conclusion, the evidence at bar, viewed favorably to the verdict, was not adequate to convince any reasonable trier of fact, beyond a reasonable doubt, that appellant was guilty of the crime charged. See Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

2. Because of our above holding, it is not necessary to consider the remaining enumerations of error.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

Submitted April 4, 1979 — Decided November 15, 1979.

*Larry L. Taylor,* for appellant.
*William J. Smith, District Attorney, Douglas Pullen,*

*Assistant District Attorney,* for appellee.