## 61062. GILMORE v. THE STATE.

BANKE, Judge.

The appellant was indicted on charges of aggravated assault and possessing a sawed-off shotgun. He was acquitted of the aggravated assault charges but convicted of the shotgun possession charge.

The shotgun was discovered on the floor of the appellant's automobile by a police officer who had stopped him in response to a radio bulletin that a person driving a car meeting that description was wanted for assaulting two named individuals with a sawed-off shotgun. The officer testified that the appellant admitted having "pulled" the weapon on the two persons named in the bulletin in an attempt to prevent them from welshing on a bet.

The two alleged victims of the assault were listed as witnesses on the indictment and subpoenaed by the state for trial but did not appear. Testifying in his own behalf, the appellant admitted that the shotgun was his and that he had sawed off the barrel to 18-1/2 inches. This modification, combined with the fact that the weapon did not have a full stock, reduced its total length to less than 26 inches. It thus fell within the statutory classification of "sawed-off shotgun." See Code Ann. § 26-9913a (a) (2). The appellant testified that the stock had broken accidentally and that he was in the process of fixing it.

*Held:*

1. The appellant contends that the trial court denied him a fair trial by denying his motion for a directed verdict on the aggravated assault charges. Assuming purely for the sake of argument that the motion was meritorious, the failure to grant it clearly did not prejudice the jurors against him, for they found him not guilty of these charges. Accordingly, the denial of the motion was harmless, even if erroneous.

2. The appellant also contends that he was denied a fair trial because he was unable to confront the witnesses against him on the aggravated assault, charges. Again, however, since he was not convicted of these charges, it is difficult to envision how he could have been harmed by the absence of the witnesses.

3. The appellant's contention that the shotgun was unlawfully admitted into evidence was waived by failure to make any such objection at trial.

4. The evidence was sufficient to convict on the sawed-off shotgun charge, applying the standard set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 278, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 5, 1981.

*Clayton H. Hollingsworth, Jr.,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.