## 41394. BARTON et al. v. THE STATE.
### (322 SE2d 54)

GREGORY, Justice.

William Townsend, Marvin Chafin, James Barton and William Greene were convicted of the offense of dogfighting in that they unlawfully allowed a dog to fight another dog in violation of OCGA § 16-12-37,[1] and of the offense of gambling in violation of OCGA § 16-12-21 (a) (1).[2]

1. Each of appellants' constitutional attacks on OCGA § 16-12-37 has been decided adversely to them in *Hargrove v. State,* 253 Ga. 450 (321 SE2d 104) (1984).

2. Marc Paulhus, the southeastern regional director of the Humane Society of the United States, accompanied law enforcement officers to the raid of the dogfight. At trial Mr. Paulhus qualified as an expert on dogfighting, and was permitted to testify to personal observations made during the raid as well as to explain how dogfighting is organized and carried out. Mr. Paulhus also testified that gambling is the primary purpose of organized dogfighting. Appellants' complaint that this expert's testimony was not relevant to the issues at trial is without merit. McCormick, Evidence, (2nd ed. 1972), § 185, pp. 434-441.

3. The State's evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that dogfighting and gambling were taking place at the Hargrove farm during the early morning hours of October 8, 1983, when law enforcement officers executed the raid. The evidence shows the Hargrove farm is located in a remote, rural area of Mitchell County which is accessible only by driving

---

[1] OCGA § 16-12-37 provides:

"(a) A person commits the offense of dogfighting when he causes or allows a dog to fight another dog for sport or gaming purposes or maintains or operates any event at which dogs are allowed or encouraged to fight one another.

"(b) A person convicted of the offense of dogfighting shall be punished by a mandatory fine of $5,000.00 or by a mandatory fine of $5,000.00 and imprisonment for not less than one year nor more than five years."

[2] OCGA § 16-12-21 (a) (1) provides:

"(a) A person commits the offense of gambling when he:

"(1) Makes a bet upon the partial or final result of any game or contest or upon the performance of any participant in such game or contest."

down a "long, dirt driveway." As they approached a crowd of persons surrounding a large pit lined with plywood, officers heard at least one person in the crowd state, "I'll put five on that." When those present saw the officers approach, most fled into the surrounding area. Officers were then able to observe two bloodied and wounded pit bull terriers in the pit. A vast amount of paraphernalia, identified as equipment used in organized dogfighting,[3] was found around the pit. Officers observed a number of other pit bull terriers tied up near the pit and in vehicles parked nearby the pit. The decomposed carcasses of dead animals wired to devices used to train dogs for the purpose of dogfighting were also observed near the pit. While appellants concede the State's case showed evidence of dogfighting and gambling, they maintain the evidence linking them to these crimes is insufficient to support their convictions.

(a) Appellant Greene, a resident of Hollywood, South Carolina, was apprehended by a GBI agent while standing next to the pit in which two dogs had obviously been fighting. A search of Greene showed he had $899 on his person. We agree with Greene that the evidence showing he allowed a dog to fight another dog and wagered on the results of these games is wholly circumstantial. Our Code defines circumstantial evidence as "evidence which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed." OCGA § 24-1-1 (4). The various facts sustaining the State's hypothesis that Greene committed the crimes of dogfighting and gambling are that, at the time these crimes were committed, he was a distance of some four hundred miles from his home, shortly after dawn, in a remote area of this state where dogfighting and gambling were taking place. Further, Greene was apprehended while standing directly next to a pit where dogfighting was underway with $899 on his person. We conclude from these facts that a rational trier of fact could have found Greene guilty beyond a reasonable doubt of the offenses of allowing dogfighting to take place and of gambling. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In reaching this conclusion we acknowledge the difficulty of proving actual participation in these crimes under these circumstances, and the necessity of relying, in this type case, on the inferences to be drawn from circumstantial evidence.[4]

(b) As for the convictions of Barton, Chafin and Townsend, how-

---

[3] Officers found weighing scales, washtubs, breaking sticks, catmills and dog cages. For an explanation of how these items are used in dogfighting, see *Hargrove v. State*, supra.

[4] In United States v. Gainey, 380 U. S. 63 (85 SC 754, 13 LE2d 658) (1965), the United States Supreme Court held that it was constitutionally permissible and rational to draw an inference of guilt of the crime of "carrying on" the business of a distiller from the accused's presence at the site of the distiller's business. The court concluded that the accused's presence at the site of a liquor still would, standing alone, be sufficient to convict. 26 USC § 5601.

ever, we reach a different result. The State offered no evidence linking these appellants to the area where the dogfighting and gambling were taking place. None of the eight law enforcement officers who testified was able to identify any one of the three appellants as being present at the pit. The only evidence offered by the State with regard to these appellants was that they were "brought back" from an undetermined place by an unidentified officer and searched next to the dog pit. This evidence is clearly insufficient to support the convictions in this case.[5] The convictions of Barton, Chafin and Townsend must, therefore, be reversed.

4. We agree with appellants that the trial court erred in charging the principle of flight. While there was evidence that a number of persons fled the scene of these crimes, there was no evidence of flight by these four appellants. However, the trial court instructed the jury that they "should apply this principle of law only as to those defendants to whom you might find from the evidence it is applicable." In view of these limiting instructions and the undisputed testimony that appellant Greene did not flee, we conclude that it is highly probable this charge did not contribute to the conviction in Greene's case. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed in appellant Greene's case. Judgment reversed in the cases of appellants Barton, Chafin and Townsend. All the Justices concur.*

DECIDED OCTOBER 31, 1984.

*Tony H. Hight, Roger R. Auman, Jr.,* for appellants.
*J. Brown Moseley, District Attorney, Ronald S. Smith, Assistant District Attorney,* for appellee.

---

[5] The fact that large sums of money were found on two of these three appellants does not change this result as there was no evidence linking the appellants to the area where gambling was taking place.