## 71179. BING v. THE STATE.
(342 SE2d 762)

BENHAM, Judge.

Appellant was convicted of commercial gambling in that he intentionally recorded a bet on an athletic contest. OCGA § 16-12-22 (a) (2). He enumerates as error numerous rulings made by the trial court during the trial, as well as the denial of several pre-trial motions. He also questions the sufficiency of the evidence.

1. Appellant asserts as error the denial of his motion to suppress. He contends that the search warrant was an illegal general warrant which did not state with sufficient particularity the person and premises to be searched. The warrant authorized a search of the premises at 7448 Mockingbird Trail, Riverdale, Clayton County, Georgia, for marijuana. While the warrant did not contain the name of any individual, the officer who applied for and executed the warrant testified

at the motion to suppress hearing that he had probable cause to believe that Donald Gann, a resident of the searched premises, was connected with the marijuana. After they were admitted entry into what appeared to be a single-family residence, the searching officers discovered that appellant and another man each occupied a bedroom in the home. Appellant's bedroom was searched and the gambling paraphernalia which formed the basis of the indictment against him was allegedly found.

The failure to name a person in the search warrant is not fatal. "Search warrants are not directed at persons; they authorize the search of 'places' and the seizure of 'things,' and as a constitutional matter they need not even name the person from whom the things will be seized. [Cit.]" *Zurcher v. The Stanford Daily*, 436 U. S. 547, 555 (98 SC 1970, 56 LE2d 525) (1978). Nor is the search warrant fatally defective for failing to describe with particularity the place to be searched. " 'The test for the sufficiency of a premises description is whether . . . on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty.' [Cit.] The U. S. Supreme Court found a 'description in a search warrant giving its street and one of its two house numbers . . . sufficiently definite. . . . It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended.' [Cit.]" *State v. Hardin*, 174 Ga. App. 83 (329 SE2d 172) (1985). The warrant described the place to be searched with sufficient particularity by giving the street address, city, county, and state. See *Jackson v. State*, 129 Ga. App. 901 (1b) (201 SE2d 816) (1973); *Adams v. State*, 123 Ga. App. 206 (180 SE2d 262) (1971).

Appellant continues his assault upon the search of his bedroom by asserting that the "multiple occupancy structure" rule invalidated the officers' search of his room since they had discovered, before conducting their search, that the residence was occupied by more than one person. Appellant maintains that the discovery of multiple occupants necessarily limited the officers' search by excluding the areas under the dominion and control of those not the target of the warrant.

"A search warrant for . . . [a] multiple occupancy building will usually be held invalid if it fails to describe the particular subunit to be searched with sufficient definiteness to preclude a search of one or more subunits indiscriminately." 2 LaFave, Search & Seizure, § 4.5 (b) at p. 78 (1978). If, however, neither the affiant nor investigating officers nor executing officers knew of or had reason to know of the structure's actual multiple occupancy character until execution of the warrant was under way, and the outward appearance of the building reflects a single-occupancy structure, the warrant is not invalid for

failure to specify a subunit within the building. Id. at 79. Compare *Jones v. State*, 126 Ga. App. 841 (192 SE2d 171) (1972). However, "[t]he mere fact that a structure contains several residents who are not related to one another does not automatically convert its rooms into 'subunits.'" *State v. Willcutt*, 526 P2d 607, 608 (Or. 1974). In situations in which several persons occupy the premises in common, sharing common living quarters but having separate bedrooms, the courts have held that a single warrant describing the entire premises is valid and justifies the search of the entire premises. *Jackson v. State*, supra; *State v. Lorenz*, 368 NW2d 284 (Minn. 1985); *State v. Weaver*, 442 S2d 380 (Fla. App. 2d Dist. 1983); *State v. Coatney*, 604 P2d 1269 (Or. App. 1980); *People v. Thomas*, 70 Ill. App. 3d 459 (388 NE2d 941) (1979). "[W]here a significant portion of the premises is used in common and other portions, while ordinarily used by but one person . . . are an integral part of the described premises and *are not secured against access by the other occupants*, then the showing of probable cause extends to the entire premises. For example, if three persons share an apartment, using a living room, kitchen, bath and hall in common but holding separate bedrooms *which are not locked*, whichever one of the three is responsible for the described items being in the apartment could have concealed those items anywhere within, including the bedrooms of his cotenants." 2 LaFave, supra at 81. (Emphasis supplied.) "[I]t would be unrealistic to require the police to ascertain whether the [owner] is [leasing], to whom, and who occupies what portion of the house. This is analogous to requiring the enforcement officers to determine if a daughter or son pays rent while residing in the same house as their parents and if their use of the house is restricted." *Jackson v. State*, supra at 904.

The officers in the case at bar were acting within the scope of the search warrant they had when they searched appellant's bedroom for marijuana. Appellant admitted at the suppression hearing that his bedroom door did not have a lock by which he could secure the room against visitors while he was absent. See *Weaver*, supra. Evidence of another crime, discovered while searching pursuant to a valid search warrant, may be lawfully seized. See OCGA § 17-5-21 (b); *DePalma v. State*, 228 Ga. 272 (4b) (185 SE2d 53) (1971). Appellant's motion to suppress was properly denied.

2. Appellant next contends that his motion for directed verdict of acquittal was improperly denied.

The case against appellant was built on circumstantial evidence, "evidence which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed." OCGA § 24-1-1 (4). "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the

guilt of the accused." OCGA § 24-4-6. With these standards in mind, we assess the evidence presented against appellant.

The officer who applied for the warrant to search the residence testified that he awakened appellant in his bedroom and escorted him downstairs. The officer then sat at the kitchen table to conduct the inventory. Twenty minutes later, the officer observed cash and parlay cards in appellant's bedroom. He stated that he did not know where the material had been found, but that it was sitting on the nightstand and on the bed when the searching officers showed it to him. On cross-examination, the witness reiterated that he had not participated in the search of appellant's bedroom and was not personally aware of anything being found in appellant's room. None of the officers who actually searched the residence testified.

The State's case against appellant rests on the fact that the evidence of commercial gambling was found in appellant's bedroom. However, no one testified to that fact. The only State's witness who was in the house during the search admitted he did not search appellant's room and did not know where the evidence used against appellant was found. He only "observed" the papers and money in appellant's room some 20 minutes after he had entered the room and awakened appellant and then left. Mere *observation* of the material in appellant's room is not sufficient to establish that the goods were *found* in appellant's possession, especially when the lone witness states that he does not know where the evidence was found. See *Barton v. State*, 253 Ga. 478 (3b) (322 SE2d 54) (1984); *Gilmore v. State*, 157 Ga. App. 376 (1) (277 SE2d 749) (1981); *Hartley v. State*, 152 Ga. App. 337 (1) (262 SE2d 608) (1979); *Collins v. State*, 146 Ga. App. 857 (b) (247 SE2d 602) (1978). Our conclusion is reinforced by the somewhat unusual facts of this case: appellant's room was entered pursuant to a warrant permitting a search of the entire residence. The officer who applied for the warrant testified that one of appellant's co-tenants, and not appellant, was the target of the search. Our analysis of the search of appellant's room (Division 1) was partially hinged upon the fact that appellant's room could not, in his absence, be secured against access by the other occupants of the house, one of whom was the target of the search warrant. Appellant's bedroom was subject to search because the target could have concealed the items sought anywhere in the house, including appellant's bedroom. The State cannot use an equal access theory to gain entry to the room and then assert that "observation" of gambling paraphernalia in the room inextricably links only the occupant of the room to the paraphernalia because it is "his" room.

Since the facts adduced at trial to link appellant to the evidence of gambling did not exclude every reasonable hypothesis save that of the guilt of appellant, the evidence was not sufficient to support the

verdict, and the judgment of conviction must be reversed. See *Barton*, supra; *Hartley*, supra; *Collins*, supra.

3. In light of the above holding, the remaining enumerations of error need not be discussed.

*Judgment reversed. Banke, C. J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED MARCH 17, 1986.

*James W. Bradley*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.