## A92A1448. DIX v. THE STATE.
(425 SE2d 419)

COOPER, Judge.

Appellant was convicted by a jury of entering an automobile with intent to commit a theft therein. He appeals following the denial of his motion for new trial.

The evidence reveals that an officer with the Atlanta Police Department responded to a call regarding a theft at a local church. When the officer arrived at the church, he was met by a man who stated that he had witnessed a man breaking into the back window of a car parked in the church parking lot. The witness described the

man he saw as wearing a white jacket, blue jeans and tennis shoes and carrying a black canvas bag. The witness also told the officer that the man took a black purse from the car and placed it inside his canvas bag. The officer observed that the car identified by the witness had a broken rear window. The witness agreed to accompany the officer around the immediate area to see if they could locate the suspect. As the officer and the witness drove around, they observed a male fitting the suspect's description, and the witness identified the man as the person he saw break into the car. The officer placed the suspect, identified as appellant, under arrest and then searched the canvas bag and discovered a black purse. Appellant testified and denied breaking into a car, contending that he found the purse in some bushes.

1. Appellant, an indigent, contends in his first enumeration of error that the trial court erred in denying his motion for complete recordation of the proceedings. Specifically, appellant argues that the lack of a transcript of the closing arguments prevents him from showing error which allegedly occurred during the prosecutor's argument to the jury and which is the subject of appellant's second enumeration of error.

"[OCGA § 17-8-5] mandates the transcription of the proceedings in all felonies *except the argument of counsel.*" *Brown v. State,* 242 Ga. 602 (2) (250 SE2d 491) (1978). We note initially that appellant's objection and motion for mistrial were not timely made. Even in the absence of complete recordation, it is customary that objections to arguments are transcribed by the court reporter at the time they are made for purposes of appeal. See *Newell v. State,* 237 Ga. 488 (2) (228 SE2d 873) (1976). The record reflects that while the jury was deliberating, appellant objected and moved for mistrial on the ground that the prosecutor had commented that if convicted, appellant might not serve all of his sentence because of overcrowding in the jails. The prosecutor responded that she referred only to appellant's early release from prison on a prior conviction and that she did not comment on the sentencing in the present case. The trial court overruled appellant's motion for mistrial. Appellant's failure to object either during the prosecutor's closing argument or at the conclusion of all argument, precluded the trial judge from issuing any curative instructions which he deemed appropriate at the time.

Furthermore, " ' "(t)he trial judge in passing upon a motion for mistrial on account of alleged improper argument . . . is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused." (Cit.)' [Cit.]" *Martin v. State,* 193 Ga. App. 581, 587 (4) (388 SE2d 420) (1989). "Considering the state of the record and the totality of the circumstances, we are satisfied that the trial judge did not abuse his discretion in denying appellant's [motion] for mistrial. [Cit.]" *Oller v. State,* 187 Ga. App. 818,

822 (3) (371 SE2d 455) (1988).

2. Appellant also enumerates as error the trial court's refusal to give his written request to charge on the lesser included offense of criminal trespass. "A person commits the offense of criminal trespass when he intentionally damages any property of another without his consent and the damage thereto is $500.00 or less or knowingly and maliciously interferes with the possession or use of the property of another person without his consent." OCGA § 16-7-21 (a). Appellant argues that he was entitled to a charge on criminal trespass based on his testimony at trial that he found the stolen purse which was in his possession at the time of his arrest. "The correct rule is that a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). Even if appellant's testimony was sufficient to warrant a charge on the lesser included offense of criminal trespass, we cannot conclude that the failure to give the charge was reversible error. An explanation of the lesser included offense would have properly contained an instruction to the jury that it could only consider the lesser included offense after it found the accused not guilty of the charged offense. See *Brownlee v. State*, 155 Ga. App. 875 (5) (273 SE2d 636) (1980). The jury found appellant guilty of the charged offense beyond a reasonable doubt, and the evidence supports the verdict. Consequently, we find no reversible error. See *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 23, 1992.

*Harry L. Hutchinson, Steven J. Jackson*, for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, Assistant District Attorney*, for appellee.