A94A0319. SCOTT v. THE STATE.
(444 SE2d 96)

BLACKBURN, Judge.
Following a trial by jury, the appellant, Carolyn Scott, was found guilty of possession of cocaine and sentenced to three years in prison. This appeal followed.

1. Initially, Scott asserts that the trial court erred in denying her motion to suppress. Specifically, she maintains that the search warrant was defective because the affidavit did not state sufficient facts to show that criminal activity occurred at the residence and the warrant failed to describe the persons and place to be searched with reasonable particularity. She further contends that the search exceeded any search of her person authorized under OCGA § 17-5-28, was intrusive, and was conducted by male officers in violation of official police policy.

At the motion to suppress hearing, Officer Sean Thacker with the Garden City Police Department testified that he applied for the

search warrant on Scott's home on the evening of July 31, 1992, based primarily upon information provided by a confidential informant. The officer met with the informant within the preceding 72-hour period, at which time the informant reported that he had observed several known drug users enter Scott's residence and purchase cocaine. The informant also indicated that cocaine was being prepared at the residence. The informant had previously furnished information to an officer assisting in the investigation, and the information had proven to be reliable. An inquiry made by the officer to a utilities company confirmed that service at the residence was listed in Scott's name. A municipal court judge signed the warrant at 11:46 p.m., and the warrant was served on Scott at the residence within 30 minutes.

The search of Scott's home did not reveal any contraband, and Scott denied having any drugs on her person. Scott and other female occupants were subsequently asked to open their shirts in a bedroom. When Scott opened her shirt, the officer saw a plastic bag containing cocaine residue in the front of her bra. The officer also looked in the top of Scott's pants in search of contraband, but did not find any. Pat-down searches were conducted on the male occupants of the house.

Based upon the evidence produced at the motion to suppress hearing, we find that the affidavit sufficiently stated that criminal activity was occurring at the residence. Not only did the affiant state therein that cocaine was being sold at the residence, he further averred that cocaine was being prepared at the residence, indicating an ongoing criminal enterprise. While the affidavit does not indicate when the observations were made by the confidential informant, and time is an element of the concept of probable cause, the absence of the precise time of the occurrences is not dispositive of the issue. *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984). "Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. [Cit.] When the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction. [Cit.]" Id. See also *Sims v. State*, 207 Ga. App. 353, 354 (427 SE2d 842) (1993); *Betha v. State*, 192 Ga. App. 789, 790 (386 SE2d 515) (1989).

We reject Scott's challenge to the reliability of the informant. The affidavit specifically stated that the informant had supplied reliable information in the past to an officer with the Westside Task Force who assisted Thacker in the present investigation. *Bryan v. State*, 137 Ga. App. 169 (223 SE2d 219) (1976). Moreover, the information supplied by the informant was corroborated in part by the officer's independent investigation which revealed that Scott resided at the resi-

dence. *Munson v. State*, 211 Ga. App. 80 (438 SE2d 123) (1993).

Next, Scott maintains that the search of Scott's person exceeded the scope of any lawful search under OCGA § 17-5-28. This section provides in pertinent part that "[i]n the execution of the search warrant the officer executing the same may reasonably detain or search any person in the place at the time . . . (2) To prevent the disposal or concealment of any instruments, articles, or things particularly described in the search warrant." The search warrant at issue authorized the search for "Controlled Substances, (COCAINE) and items commonly used in the manufacturing, delivery, or sales of Controlled Substances," and of "all persons present at the time of Warrant execution, who may reasonably be involved in the crime of possession of illegal drugs or narcotics." The search of Scott's person was conducted to prevent concealment of contraband sought pursuant to the search warrant, and hence, was lawful.

Although Scott additionally asserts that the warrant was defective because it did not describe with particularity the persons to be searched and did not specifically name her as a person to be searched, "[t]he failure to name a person in the search warrant is not fatal. 'Search warrants are not directed at persons; they authorize the search of "places" and the seizure of "things," and as a constitutional matter they need not even name the person from whom the things will be seized. (Cit.)' [Cit.]" *Bing v. State*, 178 Ga. App. 288, 289 (342 SE2d 762) (1986).

Scott further contends that her search was unlawful because it was conducted by a male officer, contrary to the policy of the police department. However, she did not raise this issue for consideration in her motion to suppress or at the hearing on the motion. "Enumerations of error which raise questions for the first time on appeal present nothing for decision." (Citations and punctuation omitted.) *Williams v. State*, 208 Ga. App. 716, 717 (3) (431 SE2d 469) (1993). Scott additionally argues that the warrant was defective because of a typographical error in the affidavit concerning the name of the street of the residence, although both the affidavit and the warrant stated the correct address and the warrant was authorized for and served on the correct address. See *Bing*, supra at 289. Again, Scott did not raise this issue below, and accordingly, it is not appropriate for appellate review. *Williams*, supra. In any event, the scrivener's error was not so material as to destroy the integrity of the affidavit or validity of the warrant. *Kelly v. State*, 184 Ga. App. 337 (361 SE2d 659) (1987).

2. Scott also asserts that the trial court erred in admitting her 1990 guilty plea to possession of cocaine as a similar transaction to show bent of mind. Specifically, she asserts that the transactions were not substantially similar and the testimony offered by the officer in support of the admission of the prior occurrence was inadmissible

hearsay.

"Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact. Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. There is no requirement that the 'other transaction' must be identical in every aspect. The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character." (Citations and punctuation omitted.) *Everhart v. State*, 209 Ga. App. 82, 83 (432 SE2d 670) (1993). See also *Summerour v. State*, 211 Ga. App. 65, 67 (3) (438 SE2d 176) (1993).

At the hearing to determine the admissibility of Scott's prior conviction for possession of cocaine and at trial, Detective Anthony Atkins of the Chatham County Metro Drug Squad testified that on January 6, 1990, at approximately 8:00 p.m., he executed a search warrant on a home located within a five-mile radius of Scott's present address. Scott and five men were at the home and a plastic bag of cocaine residue was found on Scott in a pocket of her pants. The officer identified Scott in court as the perpetrator. "This proof evinced a sufficient similarity between the prior similar act and the crime charged so as to have warranted admission of evidence concerning the former act at defendant's trial for committing the latter." (Citation and punctuation omitted.) *Morales v. State*, 210 Ga. App. 414, 417 (436 SE2d 528) (1993). In both occurrences, a plastic bag of cocaine residue was found on Scott's person following a search incident to a search warrant.

While Scott maintains that the testimony of this officer was hearsay because he was not present in the room when she was searched, this officer executed the search warrant of the home and participated in the investigation of the criminal activity at the residence. Although he did not see the search, he saw the small plastic bag that was removed from Scott's pocket and was able to identify Scott at trial based upon his personal knowledge of the incident and prior observation of Scott at the scene. Cf. *Bowdry v. State*, 211 Ga. App. 626 (440 SE2d 59) (1994).

3. Next, Scott maintains that the trial court erred in allowing the crime lab technician to testify that the amount of contraband seized from Scott was not an uncommon amount submitted to the lab and

that he had been certified as an expert several times in other cases, on the ground that such evidence was irrelevant. However, even assuming arguendo that the evidence was irrelevant, Scott has not shown that she has been harmed by its admission. "The admission of irrelevant evidence is not a ground for reversal unless it can be shown the evidence was prejudicial." (Citations and punctuation omitted.) *Rindone v. State*, 210 Ga. App. 639, 640-641 (2) (437 SE2d 338) (1993).

4. We further reject Scott's argument that the trial judge erred in denying her motion for a mistrial based upon the prosecution's attempt to solicit information regarding the contents of a certified copy of her prior conviction prior to the admission of the document in evidence. "[A] trial judge in passing upon a motion for mistrial on account of alleged improper [questioning] is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused." (Citations and punctuation omitted.) *Dix v. State*, 206 Ga. App. 429, 430 (1) (425 SE2d 419) (1992). Considering the totality of the circumstances including the fact that the trial court properly determined prior to trial that this prior conviction was admissible as proof of a similar occurrence, " 'we are satisfied that the trial judge did not abuse his discretion in denying appellant's (motion) for mistrial. (Cit.)' [Cit.]" Id. at 430-431.

5. Lastly, Scott asserts that the trial court erred in failing to reschedule her pre-sentence hearing to allow her an opportunity to possibly present witnesses to testify in mitigation of her punishment. Scott did not voice an objection to the trial court's failure to grant the motion for continuance below, and has not cited any authority requiring a trial judge to reschedule a pre-sentence hearing because a defendant *may* call mitigation witnesses.

OCGA § 17-10-2 provides that a trial judge must conduct a pre-sentence hearing to determine punishment, and the record shows that such a hearing was held. Consequently, this enumeration is without merit. Cf. *Jefferson v. State*, 205 Ga. App. 687 (2) (423 SE2d 425) (1992).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 12, 1994 —
RECONSIDERATION DENIED MAY 2, 1994 — ▮

*Mark B. Beberman*, for appellant.
*Spencer Lawton, Jr., District Attorney, Kimberly D. Rowden, Assistant District Attorney*, for appellee.