## S02A0272. MOORE v. THE STATE.
### (561 SE2d 819)

HUNSTEIN, Justice.

Lamar Morgan Moore was convicted of felony murder predicated upon criminal attempt to manufacture methamphetamine, two counts of criminal attempt to manufacture methamphetamine and one count of trafficking in methamphetamine. He appeals from the verdict and sentence entered thereon.[1]

1. Appellant contends that the trial court erred by admitting into evidence two inculpatory statements he made to the police. The first statement was made four days after the fire that killed the victim when appellant was still a patient in the burn unit of an Augusta hospital. Detective Wilson of the Putnam County Sheriff's Department, accompanied by a patient representative, spoke with appellant in his hospital room. Wilson testified that he found appellant to be lucid and coherent and that he gave responsive answers to the detective's questions, although he was upset and emotional over the death of his mother. Wilson did not threaten appellant and testified that he did not promise anything, although he acknowledged he told appellant "I'll do anything I can to help you, but you need to be truthful about what happened." The interview lasted fifteen minutes. Appellant admitted that he had been preparing methamphetamine in the trailer home he shared with his mother and other family members when the ether he was using ignited and caused the fire that destroyed the trailer and killed his mother.

---

[1] The crimes occurred on December 22, 2000. Moore was indicted March 20, 2001 in Putnam County on charges of felony murder predicated upon criminal attempt to manufacture methamphetamine on December 22, 2000; trafficking in methamphetamine; criminal attempt to manufacture methamphetamine on December 22, 2000; and criminal attempt to manufacture methamphetamine between November 1, 2000 and December 21, 2000. He was found guilty on all counts on August 30, 2001 and was sentenced that same day to life imprisonment for the murder conviction and fifteen years each for the remaining three counts to run concurrent with each other and the life sentence. His notice of appeal was filed August 30, 2001. The appeal was docketed November 7, 2001 and was submitted for decision on the briefs.

Appellant contends this statement should have been suppressed because it was elicited while appellant was under the influence of pain killers for the third-degree burns he had sustained in the fire. However, the uncontroverted evidence adduced by the State reflected that appellant was lucid, coherent and responsive throughout the interview. There was no evidence that appellant was under any medication which adversely affected his mental acuity or his decision to speak with the detective. Although appellant also contends his statement was the result of a hope of benefit due to Wilson's statement that he would do "anything" to help appellant, the trial court properly recognized that the detective's statement did not raise the type of hope of benefit which would render appellant's statement inadmissible. *State v. Roberts*, 273 Ga. 514 (3) (543 SE2d 725) (2001).

Appellant's second statement was made when he was in police custody twenty days after the fire. Appellant was read his *Miranda* rights and affirmatively stated that he understood those rights but he did not sign a waiver form or affirmatively state he was waiving his rights. However, appellant then readily proceeded to answer the questions asked by the police. Appellant admitted that he had been making and selling methamphetamine for several months and that on the morning of December 22, 2000, he was pouring ether from a jar when a gas pilot light ignited the container's contents. He tried to take the jar outside but the liquid splashed on him, catching him on fire, and that the fire then spread to exposed kitchen insulation.

Looking to the totality of the circumstances surrounding the second statement, see *Grier v. State*, 273 Ga. 363 (2) (541 SE2d 369) (2001), we find no error in the trial court's determination that appellant's conduct demonstrated that he knowingly and voluntarily waived his rights before talking to police. See *Williams v. State*, 244 Ga. 485 (4) (c) (260 SE2d 879) (1979).

2. Based on appellant's statements to the police and other evidence adduced at trial, the jury was authorized to find that while appellant was attempting to manufacture methamphetamine on the morning of December 22, 2000, ingredients used in the manufacturing process caught on fire. The fire destroyed the trailer occupied by appellant, his sister, stepbrother, stepfather, girlfriend and mother. Appellant's mother was unable to escape the fire; her body was found inside the trailer. Expert testimony established that she died as a result of carbon monoxide poisoning and smoke inhalation. Officers investigating the fire discovered in trash cans and outbuildings on the property various items which could be used as ingredients in methamphetamine or in its preparation. Witnesses testified about observing appellant buying some of these items prior to the fire. Appellant's girlfriend testified that on the morning of the fire, she observed appellant come into the kitchen of the trailer carrying a jar

that had a fire on top of it. She saw appellant drop the jar and the fire started from there.

This evidence was sufficient to enable a rational trier of fact to find appellant guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Special Agent Kenneth McLeod of the Federal Drug Enforcement Administration testified, inter alia, about the dangers involved in dismantling a laboratory where methamphetamine had been manufactured. Appellant contends admission of this testimony constituted error because the method of manufacturing the drug discussed by the agent was not the same method shown by the evidence in this case to have been used by appellant. The difference in the methods was brought to the jury's attention by the prosecution. Evidence regarding the dangerous properties of the ingredients used in common in both manufacturing methods was clearly relevant in this case and appellant has not shown how the admission of the agent's testimony regarding the unused ingredients was so prejudicial as to require reversal of his conviction. See generally *Scott v. State*, 213 Ga. App. 84 (3) (444 SE2d 96) (1994).

4. Appellant was convicted of felony murder based on the underlying felony of criminal attempt to manufacture methamphetamine on December 22, 2000. Thus, a separate sentence for that underlying felony is not authorized because it merged as a matter of law into the felony murder. *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993). Accordingly, we vacate appellant's conviction and sentence for criminal attempt to manufacture methamphetamine on December 22, 2000.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED MARCH 28, 2002.

*Adams & Ford, Francis N. Ford*, for appellant.

*Fredric D. Bright, District Attorney, Richard M. Gailey, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.