**FIRST DIVISION**
**BARNES, P. J.,**
**LAND and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 8**, 2024

# In the Court of Appeals of Georgia

A23A1484. LOVELL v. THE STATE.

WATKINS, Judge.

Michael Lovell pled guilty to three counts of obscene Internet contact with a child, seven counts of sexual exploitation of children, and two counts of electronically furnishing obscene material to minors.[1] On appeal, Lovell argues that the trial court erred in denying him the opportunity to present additional mitigating evidence after we remanded for resentencing on his first direct appeal.[2] Because Lovell had the opportunity to and did present mitigating evidence at a previous sentencing hearing, we affirm.

---

[1] See OCGA §§ 16-12-100.2 (e); 16-12-100 (b); 16-12-100.1 (b).

[2] See *Lovell v. State*, Case No. A22A0932 (August 26, 2022) (unpublished).

According to the factual basis for the plea, Lovell created a fake social media profile and pretended to be a 15-year-old boy in order to contact other minors over the Internet, which he used to trade and distribute photographs with five underage girls. He also used the fake account to engage in explicit descriptions of sexual conduct with the victims. Lovell pled guilty, and the court decided to hold a separate sentencing hearing.

At the subsequent hearing, Lovell's plea counsel was not present and sought a continuance, but agreed to waive her presence to allow the trial court to hear and consider victim impact statements. Lovell, who was present via Skype due to the COVID-19 pandemic, agreed to proceed in this manner. The trial court heard the victim impact statements and rescheduled the sentencing for a later date.

Before the rescheduled hearing took place, additional counsel entered the case on Lovell's behalf, and Lovell filed a motion to withdraw his guilty plea. At the sentencing hearing, the court considered arguments on withdrawing his guilty plea, and later denied the motion. Lovell also objected that he was not represented at the first sentencing hearing, so the court struck the prior victim impact statements and heard them a second time. Lovell then presented evidence in mitigation, which

consisted of testimony from Lovell's father, ten letters from members of the community, and four letters from three of Lovell's therapists.[3] At a later hearing, the court imposed a total sentence of 50 years, with the first 49 years to be served in confinement.

In his first direct appeal, we affirmed the trial court's denial of Lovell's motion to withdraw his guilty plea and rejected his claims for ineffective assistance of counsel. However, we vacated the portions of his sentence that did not contain split sentences — sentences consisting of a term of imprisonment followed by at least one year of probation — because the statute at the time of the offenses required a split sentence for each conviction. We thus remanded for resentencing to comply with this split-sentence requirement.[4]

At the sentencing hearing on remand, the court indicated that it had prepared an amended sentence and was ready to announce it to the parties. Defense counsel requested the opportunity to present additional mitigation evidence, which included testimony from eight witnesses. Counsel argued that Lovell was entitled to a factual

---

[3] The letters are not part of the appellate record.

[4] See *Lovell*, Case No. A22A0932.

sentencing hearing because this Court had vacated his sentences on appeal. The trial court denied his motion to have a "full-blown" hearing, finding that Lovell already had a sentencing hearing where he presented mitigation evidence. The court also noted that "the new sentence . . . just corrects the errors in the old sentence." The court imposed a total sentence of 42 years' imprisonment. This appeal followed.

In his sole claim of error on appeal, Lovell argues that the trial court erred in denying him the opportunity to present additional mitigating evidence, including new evidence developed since the previous sentencing hearing, after we remanded for resentencing on his first direct appeal. He contends that this denial violated his due process rights and OCGA § 17-10-2 (a) (1). We disagree.

We review questions of law de novo.[5] OCGA § 17-10-2 (a) (1) provides that:

Except in cases in which the death penalty may be imposed, upon the return of a verdict of "guilty" by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed. In the hearing the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or nolo contendere of the accused, or the absence of any prior conviction and pleas.

---

[5] *Tanksley v. State*, 362 Ga. App. 767, 768 (870 SE2d 92) (2022).

Lovell has cited to no Georgia case — and we have found none — that requires a trial court to hear additional mitigation evidence following remand for resentencing. First, by its terms, OCGA § 17-10-2 (a) (1) does not even apply to Lovell, because the statute requires a presentence hearing only after a verdict "by the jury in any felony case."[6] Thus, OCGA § 17-10-2 (a) (1) "does not reach sentencing following guilty pleas."[7] Even if the statute did apply, it only requires "*a* presentence hearing."[8] "OCGA § 17-10-2 provides that a trial judge must conduct a pre-sentence hearing to determine punishment, and the record shows that such a hearing was held."[9]

Nor has Lovell identified a due process right requiring the trial court to consider additional mitigation evidence.[10] "Due process guarantees that a defendant will be

---

[6] OCGA § 17-10-2 (a) (1).

[7] (Citation and punctuation omitted.) *McIntosh v. State*, 287 Ga. App. 293, 296 (651 SE2d 207) (2007); accord *Gilbert v. State*, 245 Ga. App. 544, 546 (2) (538 SE2d 104) (2000) ("OCGA § 17-10-2 (a) does not reach sentencing following guilty pleas, its terms applying only in those cases in which sentence is imposed after a jury trial, a bench trial or probation revocation proceedings for a first offender.").

[8] (Emphasis supplied.) OCGA § 17-10-2 (a) (1).

[9] *Scott v. State*, 213 Ga. App. 84, 88 (5) (444 SE2d 96) (1994).

[10] Georgia courts have recognized a Sixth Amendment right to counsel at resentencing when the trial court has "full discretion to reconstruct the sentence and impose a more lenient punishment[.]" *Baker v. State*, 362 Ga. App. 261, 263 (2) (867

afforded both notice and an opportunity to be heard."[11] Lovell already had the opportunity to be heard with respect to mitigation, and the trial court was not exercising its discretion at resentencing in a different way than at the initial sentencing.

For these reasons, the trial court did not err in declining[12] to hear additional mitigation evidence, and we thus affirm.

*Judgment affirmed. Barnes, P. J., and Land, J., concur.*

---

SE2d 860) (2022) (citation omitted). But Lovell was represented by counsel at the resentencing hearing, and Lovell has not identified any Georgia case granting a due process right to present additional evidence.

[11] *Tanksley*, 362 Ga. App. at 770 (4).

[12] The Supreme Court of Georgia has noted that a trial court *may* consider an offender's postsentencing rehabilitation upon remand for resentencing, but has not indicated that trial courts are *required* to. See *Castillo-Solis v. State*, 292 Ga. 755, 760 (2) n.9 (740 SE2d 583) (2013).